(99 South. 480)

No. 26428.

## STATE v. MARCELLA.

### In re MARCELLA

(Feb. 18, 1924.)

*(Syllabus by Editorial Staff.)*

Criminal law ⟨⟨⟩⟩ 1001—Vacation of suspension of sentence and imprisonment of defendant held proper in misdemeanor case.

Under Act No. 74 of 1914, §§ 4, 5, 7, and 8, governing the suspension of sentences in criminal cases, where one convicted of a mis-

demeanor was released under suspended sentence, but was subsequently convicted of a similar misdemeanor in another court of the state, *held*, that it was not error to vacate the suspension and to cause defendant to be apprehended and to be incarcerated under the original charge; defendant having failed to institute proceedings for a new trial after the expiration of the time for which he was originally sentenced.

Certiorari to Criminal District Court, Parish of Orleans.

Jacob Marcella was convicted of a misdemeanor, and he applies for writs of certiorari, prohibition and mandamus. Application dismissed.

Ed. I. Mahoney, of New Orleans, for relator.

Robert H. Marr, Dist. Atty., of New Orleans, for the State.

By Division B, composed of Justices, DAWKINS, LAND, and LECHE.

DAWKINS, J. On October 16, 1922, Jacob Marcella pleaded guilty to a charge of violating Act No. 39 of 1921, known as the Hood Bill, and was sentenced to pay a fine of $350, and to serve 60 days in jail, with a further alternative jail sentence of 60 days upon failure to pay the fine. An appeal was taken to this court, the conviction and sentence were affirmed, and on December 15, 1922, the judge below suspended sentence.

Relator was subsequently charged with violating the same statute and pleaded guilty thereto in a division of the court below other than the one in which the first case was disposed of. The latter proceeding commenced on March 28, 1923, and accused was finally sentenced to pay a fine of $50 and costs or to serve 60 days in jail on July 5, 1923.

In the month of December, 1923, relator was arrested by the order of respondent judge, who had presided in the first case in which sentence was suspended. Marcella then applied for writ of habeas corpus, which was allotted to a third division, and the latter, on hearing, ordered the applicant recommitted, for the reason, as it was found, said division was "without jurisdiction." Defendant then obtained a like writ from the respondent herein, and on hearing was discharged.

The state then moved that the suspension of sentence be set aside for the reason that defendant had been again convicted, or pleaded guilty to the same or a similar offense. The motion was heard, the suspension canceled, and the defendant ordered to comply with the original sentence.

Thereupon relator obtained the writs now under consideration from this court, and the matter is before us for decision.

### Opinion.

Relator contends that because no action was taken below to have the suspension of sentence set aside until more than a year (December 15, 1922, to December 27, 1923) had expired, the judge was without power to act in the matter. In other words, the argument is that, notwithstanding its suspension, the time for which sentence was imposed ran in his favor from the date of its pronouncement, and the judgment, in effect, became executed at the expiration thereof.

Act No. 74 of 1914 is the law of this state governing suspension of sentences, which is made permissible in certain classes of cases. In felony cases, the court may suspend sentence if the accused submits as an issue to the jury for that purpose his past record and general reputation, and the jury shall so recommend. With reference to misdemeanors (in which class this case falls) which are tried by the judge without a jury, the statute provides (section 7):

"That when there is a conviction of a misdemeanor in any court in this state, the judge may suspend sentence if he shall find that the

defendant has never before been convicted of any felony or misdemeanor. The court shall permit testimony as to the general reputation of the defendant and as to whether the defendant has been convicted of a misdemeanor or felony but such testimony shall be submitted only upon the request of the defendant. *Provided further that if sentence is suspended neither the verdict of conviction nor the judgment entered thereon shall become final except under the conditions and in the manner and at the time provided for by section 4 of this act.* [Italics by the court.]

"Section 8. * * * That when the judge suspends sentence as provided for in section 7 the entire proceedings relative thereto shall be the same as set out in previous sections of this act applying the same to misdemeanors."

Section 4, referred to and made applicable to misdemeanors by the express provision of section 7, provides:

"That upon the final conviction of the defendant of any other felony, pending the suspension of sentence, the court granting such suspension shall cause the arrest of the defendant if he is not then in custody of the court, and during a term of the court shall pronounce sentence upon the original judgment of conviction, and shall cumulate the punishment of the first with the punishment of any subsequent conviction or convictions, and in such case no new trial shall be granted in the first conviction."

And, since section 8 makes "the entire proceedings" relative to felonies applicable to misdemeanors, as to the disposition of a suspended sentence case, we also quote section 5:

"That in any case of suspended sentence as provided herein, upon the expiration of the time assessed as punishment, the defendant may make his written and sworn application for a new trial and dismissal of such cases, stating therein, that since such former trial and conviction, he has not been convicted of any felony [misdemeanor], and that there is not now pending against him any felony [misdemeanor] charge, which application shall be heard by the court during the first term after it is filed, and if it shall appear to the court upon the hearing of such application, that the defendant has not been convicted of any other felony [misdemeanor], the court shall enter an order reciting the fact and shall grant the de-

fendant a new trial and shall then dismiss said cause, provided further that if the defendant is prevented from disability or other good cause from applying to the court to have the judgment of conviction set aside at the time provided for, he may make such application at the first term when such physical disability or other good cause no longer exists."

It is thus seen that, according to the last sentence of section 7, "neither the verdict of conviction nor the judgment entered thereon shall become final" except as provided in section 4, and in section 4, if the court is advised of a final conviction of a second offense "pending the suspension of sentence," it "shall" order defendant into custody and "pronounce sentence upon the original judgment of conviction." However, after the "expiration of the time assessed as punishment" defendant "may" make an application to the court for a new trial and dismissal of the case, in which he shall swear that he has not since been convicted of another crime. Such application "shall be heard" at the first term after it is filed; but if defendant is prevented from making it at the time designated by physical disability or other good cause, he may do so "at the first term" when the cause ceases.

From all of which it would seem that nothing becomes final in a suspended sentence case except upon the conditions and as a result of the procedure provided by the statute. Furthermore, section 3 provides that the judgment of the court "shall be that the sentence of the judgment of conviction shall be suspended during good behavior of the defendant. By the term 'good behavior' in this act is meant that the defendant shall not be convicted of any felony [misdemeanor] during the time of such suspension." And of course the sentence remains suspended until it is either set aside by the action of the court upon showing of a subsequent conviction of another crime when there is a resentencing of the prisoner or by the appli-

cation and proof of defendant, at the time and in the manner provided by section 5, of his subsequent good conduct.

Hence, our conclusion is that the court below did not err in causing defendant to be apprehended, as was done, and on showing that he had subsequently been convicted, causing him to be incarcerated under the original charge. In other words, the initiative is with the defendant in such cases to provoke proceedings for a new trial and discharge after the expiration of the time for which he was originally sentenced, and, if he fails to do so, he cannot be heard to complain if, on violating the law a second time, he is required to suffer punishment for the first offense.

For the reasons assigned, the writs are recalled, and the application dismissed.