'(102 So. 316)

No. 26896.

STATE v. HEMLER.

In re HEMLER.

(Dec. 1, 1924.)

*(Syllabus by Editorial Staff.)*

1. **Criminal law** ⬅⟲ 1001—Arrest and imprisonment upon original judgment of conviction under suspended sentence, in absence of final conviction for subsequent offense, held unauthorized.

Under Act No. 74 of 1914, § 4, a person convicted under a suspended sentence, pursuant to sections 7 and 8, does not forfeit the benefit of such suspension until his final conviction of a subsequent charge; hence the setting aside of the suspended sentence by the court on its motion, and the arrest and imprisonment of such person under the first conviction, merely because of his arrest on subsequent liquor charge, but before conviction, was premature and unauthorized.

2. **Habeas corpus** ⬅⟲ 110—One illegally imprisoned, under suspended sentence held entitled to release on his recognizance in sum fixed by court.

Where relator's arrest and imprisonment upon judgment of conviction under suspended sentence which relator did not have set aside pursuant to Act No. 74 of 1914, § 5, was unauthorized because of absence of final conviction for subsequent offense, relator was entitled to be released on his own recognizance in a sum fixed by court, in view of section 9.

Application by Fred Hemler for writ of habeas corpus. On trial court's refusal to grant writ, relator applied to the Supreme Court for writs of certiorari and mandamus. Arrest and incarceration ordered annulled and set aside, writ of habeas corpus previously issued reinstated, maintained, and made final, and relator discharged from custody with directions.

A. J. Murff, of Shreveport, and Elder & Everett, of Farmerville, for relator.

Percy Saint, Atty. Gen., R. H. Lee, Dist. Atty., of Minden (Percy T. Ogden, Asst. Atty. Gen., of counsel), for the State.

LAND, J. The question presented to us for decision, under our supervisory jurisdiction, is whether a defendant, whose sentence has been suspended, can be legally placed in jail, upon the original judgment of conviction, in the absence of a final conviction for a subsequent offense.

On September 13, 1922, relator was convicted in the Second judicial district court for the parish of Webster of the offense of illegal possession of intoxicating liquor for beverage purposes. He was sentenced by the court to pay a fine of $500, which was paid, and to serve 60 days in jail. The part of the sentence as to imprisonment was suspended. Without having had the suspension of sentence set aside, relator was again convicted and sentenced in said court on November 23, 1923, on charges of assault and battery and disturbance of the peace.

On August 5, 1924, under informations filed, relator was arrested on a charge of unlawfully possessing intoxicating liquor for sale, and on two charges of unlawfully selling intoxicating liquor, for beverage purposes.

On September 4, 1924, relator was again arrested on a charge of unlawfully possessing intoxicating liquor for beverage purposes.

Respondent judge, in his return, states:

"That *on the arrest of relator on these subsequent charges* involving the possession and sale of intoxicating liquors, your respondent deemed it meet and proper that the suspended sentence imposed upon relator in the first case should be enforced; that, thereupon, your respondent ordered the sheriff of Webster parish to arrest relator, which said order was executed by the sheriff and relator was incarcerated in jail." (Italics ours.)

The testimony of respondent judge, taken on the trial of the writ of habeas corpus applied for herein, shows that he directed the sheriff on September 16, 1924, on the first day of the fall term of his court, to incarcerate relator in the case in which he had

pleaded guilty to the unlawful possession of intoxicating liquors and in which the jail sentence of 60 days had been suspended.

The application for writs of certiorari and mandamus filed in this case October 4, 1924, recites that, at that date, relator had already served two weeks of his sentence.

It is true that relator was convicted on September 25, 1924, nine days after his incarceration under the suspended sentence, for the offenses of unlawful possession and of the unlawful sale of intoxicating liquors, for beverage purposes. He was not sentenced, however, until October 3, 1924, in these cases, and appeals to this court were taken in each case, thereby suspending the finality of the conviction in all of the cases in which he had been sentenced. Respondent judge admits in his return that "he did not deem it proper to cause relator's arrest under the aforesaid suspended sentence," because of relator's subsequent convictions for assault and battery and disturbance of the peace on November 23, 1923.

It is therefore clear that at the date of the order of respondent judge for the arrest of relator on September 16, 1924, there was no final conviction pending against relator in the district court of Webster parish, justifying, in the opinion of respondent judge, the setting aside of the suspended sentence and the incarceration of relator, who was ordered to jail under his first conviction, merely because of his arrest on subsequent liquor charges. Whether the final judgment of conviction of assault and battery constituted, or not, sufficient authority for the arrest and incarceration of relator, respondent judge disclaims in his return any action in this case based upon said final judgment.

Sections 7 and 8 of Act 74 of 1914 make the provisions of said act applicable to suspension of sentence in all cases of misdemeanors. The title of the act expressly includes suspension of sentence in both misdemeanors and felony cases, except in such felonies as are expressly excluded from the operation of said act. Act 74 of 1914, § 1; State v. Marcella, 155 La. 612, 99 So. 480.

Under section 3 of said act, it is provided that—

"Sentence of the judgment of conviction shall be suspended during good behavior of the defendant. By the term, 'good behavior,' in this act is meant that the defendant shall not be convicted of any felony during the time of such suspension."

Section 4 of said act provides:

"That upon the final conviction of the defendant of any other felony, pending the suspension of sentence, the court granting such suspension shall cause the arrest of the defendant if he is not then in the custody of the court, and during a term of the court shall pronounce sentence upon the original judgment of conviction, and shall cumulate the punishment of the first with the punishment of any subsequent conviction or convictions, and in such case no new trial shall be granted in the first conviction."

[1] It is clear, therefore, from the language of this last section, that a convicted defendant under a suspended sentence does not forfeit the benefit of such suspension until his final conviction of a subsequent charge.

[2] The writ of habeas corpus applied for on this ground by relator should have been maintained, and relator should have been released on his own recognizance in a sum fixed by the court, as the first conviction had not been set aside at the instance of relator under section 5 of Act 74 of 1914. State v. Marcella, 155 La. 617, 99 So. 480; section 9 of Act 74 of 1914.

The action of respondent judge in arresting and in imprisoning relator was therefore premature and unauthorized under said act.

For the reasons assigned, it is ordered that the order for the arrest and incarceration of relator be annulled and set aside; that the writ of habeas corpus herein issued be reinstated, maintained, and made final; and that relator be discharged from custody, as to his imprisonment, at this time, under

said suspended sentence, upon executing his recognizance in such sum as may be fixed by respondent judge.