# Richmond

LLOYD E. SLAYTON v. COMMONWEALTH OF VIRGINIA.

June 10, 1946.

Record No. 3091.

Present, All the Justices.

358

The opinion states the case.

*Williams, Miles & Williams* and *Stowers & Stowers*, for the plaintiff in error.

*Abram P. Staples, Attorney General*, and *Jos. L. Kelly, Jr., Assistant Attorney General*, for the Commonwealth.

EGGLESTON, J., delivered the opinion of the court.

This writ of error brings under review certain orders of the Circuit Court of Campbell county which affirmed the judgment of the trial justice of that county in revoking the suspension of a sixty-day jail sentence previously entered by the trial justice against the plaintiff in error, Lloyd E. Slayton. A somewhat detailed statement of the factual back-

ground is necessary to a proper appraisal of the issues involved.

On February 2, 1945, Slayton was convicted by the trial justice of driving while under the influence of intoxicating liquor. He was fined $100 and costs and given a jail sentence of sixty days. The jail sentence was suspended "during good behavior" and upon payment of the fine and costs. This conviction resulted in the suspension of Slayton's permit to operate an automobile during the ensuing year. Acts of 1944, ch. 384, p. 587, sec. 16(a); Michie's 1944 Supp. to the Virginia Code of 1942, sec. 2154(a16).

On June 23, 1945, Slayton was arrested on a warrant charging him with reckless driving and driving after his operator's license had been revoked, in violation of the statute (Acts of 1944, ch. 384, p. 587, sec. 87; Michie's 1944 Supp. to the Virginia Code of 1942, sec. 2154(a87) ).

This latter charge came on to be heard by the trial justice on July 6, at which time J. H. Barnes, the State police officer who had made the arrest, testified unequivocally that Slayton, whom he knew personally, was driving the car on June 23 as it approached the town of Altavista, and that he made the arrest immediately after the car had been brought to a stop in the town and before Slayton had gotten out of his seat from under the driver's wheel. He further testified, without contradiction, that at the time of the arrest Slayton made no contention that he had not been actually driving the car.

However, Slayton testified at the hearing before the trial justice that at the time in question the car was being driven not by him, but by his companion, Lee Carter. This testimony of Slayton was corroborated by that of Lee Carter, Lee McDaniel, and Shirley Hedrick, other occupants of the car. It was further corroborated by the testimony of Junior Lanier and Junior Epperson, who claimed to have been seated in a car which was parked in the town near the place where the Slayton car was stopped at the time of the arrest.

When the defense produced this testimony, Barnes, the arresting officer, asked and obtained a continuance of the case for a week in order that he might procure other witnesses to corroborate his testimony that Slayton was actually driving the car at the time in question. Barnes, however, did not produce any such corroborating witnesses, but he obtained written confessions from Lanier and Epperson, and a verbal confession from Hedrick, that they had testified falsely before the trial justice on July 6, that Slayton was not driving the car, and that they had done so at Slayton's instance and request. Later, Lanier and Epperson admitted to the Commonwealth's attorney of Campbell county, and to R. V. Rorer, a police officer of Pittsylvania county, that they had testified falsely.

Barnes promptly reported the matter to the Commonwealth's attorney, and on July 9 a grand jury indicted Slayton, Carter, McDaniel, Hedrick, Lanier, and Epperson for perjury, and Slayton for subornation of perjury.

On July 13 the trial justice completed the hearing and found Slayton guilty of the charge that he had driven the car on June 23, after his driver's permit had been suspended. From this judgment of conviction Slayton appealed to the circuit court.

On the same day, July 13, the trial justice revoked the suspension of the jail sentence which he had imposed on Slayton in the judgment of February 2, 1945. From this judgment of the trial justice, revoking the suspension of sentence, Slayton likewise appealed to the circuit court.

On July 20 Slayton was tried on the indictment for subornation of perjury and was acquitted by a jury. The testimony taken at that trial is incorporated in the record before us. It shows that Hedrick, who, as has been stated, was an occupant of the car at the time of Slayton's arrest on June 23, testified that Slayton was at that time driving the car. Hedrick, in accordance with his confession to officer Barnes, also testified that his testimony to the contrary, before the trial justice on July 6, was false, and that such false testimony had been given at Slayton's request.

Lanier and Epperson, however, repudiated their confessions to the officers that they had testified falsely at the hearing before the trial justice. They likewise repudiated their confessions that such alleged false testimony had been procured at Slayton's request. Both Lanier and Epperson insisted that Slayton was not driving the car at the time of his arrest on June 23, and that their confessions had been procured through fear and duress.

On October 15 Slayton's appeal from the judgment of the trial justice finding him guilty of driving on June 23, after his permit had been suspended, was heard by the circuit court and a jury. A verdict of acquittal was rendered. The testimony heard there is likewise incorporated in the present record, and follows the same pattern as that given at Slayton's trial for subornation of perjury on July 20.

Immediately after Slayton's acquittal on October 15, the circuit court disposed of his appeal from the order of the trial justice revoking the suspension of the previous jail sentence. It affirmed the revocation of the suspension by the following order:

"As provided in Section 1922(B) of the Code of Virginia and for cause deemed sufficient by this Court, the Court affirms the action of the Trial Justice of Campbell County on the 13th day of July, 1945, in revoking the suspension of a jail sentence of 60 days imposed on Lloyd E. Slayton on the 2nd day of February, 1945, by said Trial Justice; and it is now ordered that said Lloyd E. Slayton be remanded to jail to serve said term of 60 days.

"Having heard all the evidence with respect thereto, the Court is of the opinion that the said Lloyd Slayton has violated the law by driving while his permit was suspended and has committed perjury and subornation of perjury notwithstanding the verdict of the jury to the contrary."

This is one of the orders before us on the present writ of error. But the story does not end here.

On October 17 Epperson was tried on the indictment for perjury found against him, and was convicted by the verdict of a jury. No appeal was taken from this judgment of con-

viction, which has now become final. The record of that trial is also before us. It shows that the Commonwealth produced a disinterested witness, Dalton, who had not testified at the previous trials, and who clearly corroborated the evidence of the arresting officer, Barnes, that Slayton was driving the car at the time of his arrest on June 23. Except for this additional witness, the testimony was substantially the same as that adduced at the trials on July 20 and October 15.

On October 17, immediately after the conclusion of the Epperson trial, Slayton filed a written motion to set aside the judgment of the circuit court, entered on October 15, which had affirmed the judgment of the trial justice revoking the suspension of Slayton's jail sentence. The purport of this motion was that since the only cause for revoking the suspension of sentence was the charge that he was driving the car on June 23, after his permit had been suspended, his acquittal by the jury of that charge precluded the circuit court from finding that he was in fact driving the car at that time, and from affirming the trial justice's judgment of revocation on that ground.

This motion the circuit court likewise overruled, entering an order in these words:

"Having heard all the evidence with respect thereto the Court is of the opinion that the said Slayton has violated the law by driving while his permit was suspended and has committed perjury notwithstanding the verdict of a jury to the contrary, but the Court is confirmed in its opinion by the verdict of another jury which convicted one Junior Epperson of perjury on the same state of facts on which the said Slayton was acquitted for driving while his permit was suspended."

On October 23 Slayton filed a further motion that the court reconsider and set aside its previous order wherein it had affirmed the trial justice's revocation of the suspended sentence. This motion was likewise overruled, the court stating in its order that it was convinced, after having heard the evidence which had been adduced before the jury in the

charges against Slayton on July 20 and October 15, respectively, and that against Epperson on October 17, that Slayton was in fact driving the automobile on June 23, after his permit had been suspended, and for that reason the action of the trial justice in revoking the suspended sentence was entirely proper.

In order to complete the picture, we should say that on November 23 the separate indictments against Slayton, Carter, McDaniel, and Lanier, charging each with perjury, were tried together before a jury, and each defendant was convicted. A review of the proceedings in the latter trial is found in the opinion in the companion case of *Slayton* v. *Commonwealth*, this day decided, *post*, p. 371, 38 S. E. (2d) 485.

In the present opinion we are concerned only with the action of the circuit court in affirming the judgment of the trial justice in revoking the suspension of the jail sentence which it had previously imposed on Slayton.

In his petition for a writ of error and brief, Slayton makes this single contention: The verdict and judgment of acquittal on the charge that he was driving the car on June 23, after his permit had been suspended, precluded the circuit court, as a matter of law, from finding that he was in fact driving the car at that time, and from revoking the suspended sentence on that ground.

Whether this contention is sound turns on the proper interpretation of our probation statute (Acts 1918, ch. 349, p. 528, as amended by Acts 1938, ch. 122, p. 188; Michie's Code of 1942, sec. 1922b), the pertinent portion of which is copied in the margin.[1]

---

[1] "After a plea, a verdict or a judgment of guilty in any court having jurisdiction to hear and determine the offense, with which the prisoner at the bar is charged, if there be circumstances in mitigation of the offense, or if it appear compatible with the public interest, * * * the court may suspend the imposition or the execution of sentence, or commitment, and may also place the defendant on probation under the supervision of a probation officer, during good behavior, for such time and under such conditions of probation as the court shall determine. * * * While on probation the defendant may be required to pay in one or several sums a fine imposed at the time of being placed on probation, * * * .

"The court may, for any cause deemed by it sufficient, revoke the

■ The reading of the plain language of the statute shows that both the suspension of sentence and the revocation of such suspension are left to the discretion of the trial court.

The right of suspension is authorized in this language: " * * * if there be circumstances in mitigation of the offense, or if it appear compatible with the public interest, * * * the court may suspend the imposition or the execution of sentence, or commitment, * * * during good behavior, for such time and under such conditions of probation as the court shall determine."

As to the revocation of such suspension the language is this: "The court may, *for any cause deemed by it sufficient*, revoke the suspension of sentence * * * ." (Italics supplied.) Here, again, in plain language, the court is given a wide discretion in the determination of the sufficiency of the cause for revoking the suspension.

There is no requirement, such as is found in some statutes, that the suspension may be revoked only upon the conviction of a subsequent criminal offense.[2]

There is no requirement in our statute that the court shall impanel a jury to try the issue of the sufficiency of the cause of revocation. Indeed, there is no indication as to how the sufficiency is to be determined.

■ Probation statutes are quite common in the various jurisdictions, both Federal and State, throughout the country.

suspension of sentence and any probation, if the defendant be on probation, and cause the defendant to be arrested and brought before the court at any time within the probation period, or if no probation period has been prescribed then within the maximum period for which the defendant might originally have been sentenced to be imprisoned, whereupon, in case the imposition of sentence has been suspended, the court may pronounce whatever sentence might have been originally imposed; and in case the execution of the sentence has been suspended, the original sentence shall be in full force and effect, * * * . Provided, however, that nothing contained herein shall be construed to deprive any person of his or her right to appeal in the manner provided by law to the circuit or corporation court having criminal jurisdiction from a judgment or order revoking any suspended sentence."

[2] Compare the Louisiana statute as set out in *State* v. *Hemler*, 157 La. 227, 102 So. 316, 317, which authorizes the revocation of a suspension only upon the conviction of a subsequent offense.

While they, of course, differ in terms, the purpose is the same, namely, that of restoring to a useful place in society an offender who is a good social risk. The principles governing the interpretation and application of these statutes have been firmly settled. We summarize such as are pertinent to our present inquiry.

■ Since the revocation of a suspension deprives the probationer of his liberty, he is entitled to a judicial hearing thereon. But, as Mr. Chief Justice Hughes pointed out in *Burns* v. *United States*, 287 U. S. 216, 53 S. Ct. 154, 77 L. Ed. 266, in construing the Federal probation statute, which is quite similar to ours, a summary hearing is sufficient.

■ In the absence of such an express statutory requirement, the conviction of a subsequent criminal offense is not essential to warrant a revocation of suspension. *United States* v. *Bishop*, C. C. A. 5, 47 F. (2d) 95, 97; *State* v. *Everitt*, 164 N. C. 399, 79 S. E. 274, 277, 47 L. R. A. (N. S.) 848; *State* v. *Bonza*, 106 Utah 553, 150 P. (2d) 970, 972. *Contra, Ex parte Lawson*, 76 Tex. Crim. 419, 175 S. W. 698, 699.

■ Inasmuch as a proceeding to revoke the suspension of a sentence for cause is not a trial for the commission of a new criminal offense, the defendant is not entitled to a jury trial on the issue. 15 Am. Jur., Criminal Law, sec. 500, p. 151; *State* v. *Everitt, supra* (79 S. E., at page 277); *People* v. *Dudley*, 173 Mich. 389, 138 N. W. 1044, 1047; *Ex parte Cook*, 67 Cal. App. (2d) 20, 153 P. (2d) 578, 580; *Ex parte Lucero*, 23 N. M. 433, 168 P. 713, 715, L. R. A. 1918C, 549; *Sylvester* v. *State*, 65 N. H. 193, 20 A. 954, 955; *Denham* v. *State*, 180 Ark. 382, 21 S. W. (2d) 608, 609; *Contra, State* v. *Renew*, 136 S. C. 302, 132 S. E. 613, 614.

■ For the same reason, the alleged violation by the probationer of the conditions of the suspension of sentence need not be proven beyond a reasonable doubt. *People* v. *Kuduk*, 320 Ill. App. 610, 51 N. E. (2d) 997, 1000; *People* v. *London*, 28 Cal. App. (2d) 395, 82 P. (2d) 619, 620; *McLemore* v. *State*, 170 Miss. 641, 155 So. 415, 416.

■ In determining whether the evidence warrants the

revocation of a suspension of sentence, the credibility of the witnesses and the evaluation and weight of their testimony, are for the court. *Pritchett* v. *United States*, C. C. A. 4, 67 F. (2d) 244, 245; *Neely* v. *United States*, C. C. A. 5, 151 F. (2d) 533; *State* v. *Marsh*, 225 N. C. 648, 36 S. E. (2d) 244, 245; *Calloway* v. *State*, 201 Ark. 542, 145 S. W. (2d) 353, 354.

To put the matter another way, the sufficiency of the evidence to sustain an order of revocation is a matter within the sound discretion of the trial court. Its finding of fact and judgment thereon are reversible only upon a clear showing of abuse of such discretion. 15 Am. Jur., Criminal Law, sec. 500, p. 151; *State* v. *Marsh*, *supra* (36 S. E. (2d), at page 245), and authorities there cited; *Pritchett* v. *United States*, *supra* (67 F. (2d), at page 245); *Neely* v. *United States*, *supra* (151 F. (2d), at page 533); *People* v. *Lippner*, 219 Cal. 395, 26 P. (2d) 457, 458; *Spears* v. *State*, 194 Ark. 836, 109 S. W. (2d) 926, 927.

As was said in *Burns* v. *United States*, *supra* (287 U. S., at pages 222, 223), in affirming an order revoking a suspended sentence, "The question is simply whether there has been an abuse of discretion and is to be determined in accordance with familiar principles governing the exercise of judicial discretion. That exercise implies conscientious judgment, not arbitrary action. *The Styria* v. *Malcolmson*, 186 U. S. 1, 9, 22 S. Ct. 731, 46 L. Ed. 1027. It takes account of the law and the particular circumstances of the case and is 'directed by the reason and conscience of the judge to a just result.' *Langnes* v. *Green*, 282 U. S. 531, 541, 51 S. Ct. 243, 247, 75 L. Ed. 520."

Here there is no showing that the circuit court, in passing upon the sufficiency of the evidence to sustain the trial justice's revocation of the suspension of the sentence, acted arbitrarily or abused the discretion lodged in it by the statute. The fact that the circuit court, in accepting the testimony of the Commonwealth's witnesses and rejecting that of Slayton, characterized the latter as false and perjured, under the circumstances here, is not proof of bias or prejudice.

Slayton testified that his companion, Carter, was driving the car at the time in question, and that he (Slayton) was sitting in the rear seat between Hedrick and another passenger. Both Hedrick and the arresting officer testified that Slayton was actually driving. The incident occurred in broad daylight and the parties were well known to each other. There could have been no honest mistake on Slayton's part as to whether he was driving. In deciding the issue in favor of the Commonwealth the circuit court is bound to have found that Slayton testified falsely, for by no other process of reasoning could it have reached the conclusion that he was driving.

That a court, under such circumstances, severely criticizes the testimony of a witness which it rejects, does not show that its conclusion was actuated by bias or prejudice. *O'Brien* v. *O'Brien*, 294 Ky. 793, 172 S. W. (2d) 595, 609; *In re Pusey's Estate*, 321 Pa. 248, 184 A. 844, 850.

Indeed, this court has not hesitated, in a proper case, to characterize testimony as incredible or unworthy of belief even though it may have been accepted by a jury. *Vance* v. *Commonwealth*, 155 Va. 1028, 154 S. E. 512; *Terry* v. *Commonwealth*, 174 Va. 507, 6 S. E. (2d) 673; *Legions* v. *Commonwealth*, 181 Va. 89, 23 S. E. (2d) 764.

Moreover, as has been stated, the plaintiff in error does not challenge the sufficiency of the evidence to sustain the revocation, nor does he contend that the circuit court acted arbitrarily or abused its discretion. He stands on the bare legal proposition that his acquittal at the hands of the jury of the criminal charge that he was driving his car after his permit had been revoked, estopped or precluded the circuit court from inquiring into the matter as a ground for determining whether the suspension of sentence should be revoked.

This contention runs counter to the firmly settled principles which we have summarized. If sustained, it would give to a jury the exercise of discretion and the right to determine the issue of fact which the statute plainly lodges in the trial court.

The precise question was before the Illinois court in *People* v. *Kuduk, supra*. There the defendant had been convicted of manslaughter as the result of an automobile collision and was given a suspended sentence. Within the probation period he was arrested upon a charge of driving under the influence of intoxicants and was acquitted. It was held that such acquittal was not a bar to a proceeding to revoke the suspended sentence on that ground. The court pointed out that while in the criminal proceeding before the jury the prosecution was required to prove the charge beyond a reasonable doubt, in the revocation proceeding such a degree of proof was not required.

A similar conclusion was reached in *State* v. *Greer*, 173 N. C. 759, 92 S. E. 147.

It is true that there is a *dictum* to the contrary in the later case of *State* v. *Hardin*, 183 N. C. 815, 112 S. E. 593. But in that case the question was not squarely presented, for the reason that the Supreme Court held that the judgment of acquittal had been entered in a recorder's court, which had no jurisdiction of the matter. Consequently, it remanded the case for a hearing and determination by the trial court itself as to whether the subsequent offense had actually been committed.

There is an additional reason why we are of opinion that the judgment of the circuit court, which affirmed the judgment of the trial justice in revoking the suspension of sentence, must be affirmed.

The record does not show upon what ground the trial justice revoked the suspension of sentence. The presumption is that it was upon a valid finding that the plaintiff in error had in some manner violated the conditions of the suspension. *United States* v. *Bishop, supra* (47 F. (2d) 95, at page 97).

The plaintiff in error assumes throughout his argument that the revocation was grounded upon the finding that he was in fact driving his car after his permit had been suspended. But we do not know this to be so. The revocation

may have been grounded upon the finding of the trial justice that Slayton was guilty of perjury in testifying before him that he was not doing so. If so, this finding, which was later confirmed by the circuit court, as shown by the orders appealed from, was ample cause for revoking the suspension. Even under the theory of the plaintiff in error there are no verdict and judgment of acquittal contrary to such finding.

On the whole we find no error in the orders complained of and accordingly they are

*Affirmed.*