COURT OF APPEALS OF VIRGINIA


Present: Judges Elder, Annunziata and Agee
Argued at Alexandria, Virginia


JEFFREY SCOTT KIBLER

MEMORANDUM OPINION[*] BY
v.    Record No. 0165-02-4        JUDGE G. STEVEN AGEE
                                  DECEMBER 3, 2002
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF PAGE COUNTY
John J. McGrath, Jr., Judge

David A. Downes for appellant.

Donald E. Jeffrey, III, Assistant Attorney
General (Jerry W. Kilgore, Attorney General,
on brief), for appellee.


On January 22, 1996, Jeffrey Scott Kibler (Kibler) was convicted in the Page County Circuit Court of two counts of forgery, two counts of uttering, one count of attempted uttering, and one count of petit larceny by false pretenses. For these crimes Kibler received sentences totaling 15 years and 12 months incarceration with 12 years and 12 months suspended so long as certain conditions were met and he "keep the peace and be of good behavior, including obeying the usual rules and regulations of the places of his confinement."

On October 23, 2000, the court revoked two years of the suspended sentences for various violations. The remainder of the

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

suspended sentences continued the "good behavior" requirement in addition to other standard stipulations. On January 9, 2002, the circuit court conducted a revocation proceeding on the Commonwealth's petition to revoke the remainder of Kibler's suspended sentences. At the conclusion of that proceeding the trial court revoked five years of Kibler's suspended sentences based on three instances of violating the "good behavior" provision:

(1) the possession of a pencil sharpener containing a razor blade in violation of the rules of the Page County jail,

(2) a statement to a corrections officer that upon release he would rape and molest young children and that hopefully some of them would die, and

(3) an admission to correctional officers that he sent family members envelopes through the mail containing a white powder.[1]

Kibler asserts that the court abused its discretion in revoking the suspended sentences because the evidence was insufficient to show substantial misconduct. We disagree and affirm the judgment of the trial court.

---

[1] As the parties are fully conversant with the record in this case and because this memorandum opinion carries no precedential value, only those facts necessary to a disposition of this appeal are recited.

## I.  STANDARD OF REVIEW

When considering the sufficiency of the evidence on appeal in a criminal case, this Court views the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.  See Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975).  Moreover, the General Assembly has granted trial courts wide authority to revoke a suspended sentence.

> In any case in which the court has suspended the execution or imposition of sentence, the court may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court.

Code § 19.2-306.

The Virginia Supreme Court has repeatedly confirmed the breadth of this discretion lodged with the trial court.  "[A] revocation of a suspended sentence lies in the discretion of the trial court and that . . . discretion is quite broad."  Hamilton v. Commonwealth, 217 Va. 325, 326, 228 S.E.2d 555, 556 (1976) (citing Slayton v. Commonwealth, 185 Va. 357, 38 S.E.2d 479 (1946)).  "[T]he issue on review of a revocation 'is simply whether there has been an abuse of discretion.'"  Connelly v. Commonwealth, 14 Va. App. 888, 890, 420 S.E.2d 244, 245 (1992) (quoting Marshall v. Commonwealth, 202 Va. 217, 221, 116 S.E.2d 270, 274 (1960)).

While the trial court's discretion in revocation proceedings is quite broad, it is not unfettered.

> The cause deemed by the court to be sufficient for revoking a suspension must be a reasonable cause. . . .  "[The court's] finding of fact and judgment thereon are reversible only upon a <u>clear showing of abuse of such discretion</u>."  The discretion required is a judicial discretion, the exercise of which "implies conscientious judgment, not arbitrary action."

<u>Marshall</u>, 202 Va. at 220, 116 S.E.2d at 274 (quoting <u>Slayton</u>, 185 Va. at 367, 38 S.E.2d at 484) (emphasis added); <u>see</u> <u>also</u> <u>Duff v. Commonwealth</u>, 16 Va. App. 293, 297, 429 S.E.2d 465, 467 (1993).

## II.  ANALYSIS

The trial court clearly found from the evidence that: (1) Kibler possessed a sharp object – either a detached razor blade or a prohibited pencil sharpener, (2) told a corrections officer that he planned to rape, molest and kill little children upon his release, and (3) sent envelopes containing white powder to various family members which he admitted to corrections officials during the nationwide concern about anthrax-laced letters in 2001.

Kibler argued the mailing of the powdered letters should not be considered because he testified this occurred before the anthrax scare began.  However, Kibler also told corrections officers he thought a federal detainer was in place against him because of the mailings.  The trial court was entitled to

- 4 -

disbelieve Kibler's testimony and assume he was lying to cover his guilt. "[T]he fact finder is not required to believe all aspects of a defendant's statement or testimony; the judge or jury may reject that which it finds implausible, but accept other parts which it finds to be believable." Pugliese v. Commonwealth, 16 Va. App. 82, 92, 428 S.E.2d 16, 24 (1993) (quoting Durham v. Commonwealth, 214 Va. 166, 169, 198 S.E.2d 603, 606 (1973)). The trial court was further entitled to give the incident such weight as it deemed proper. See Walton v. Commonwealth, 255 Va. 422, 426, 497 S.E.2d 869, 871 (1998) ("Great deference must be given to the factfinder who, having seen and heard the witnesses, assesses their credibility and weighs their testimony.").

Kibler contended for the first time at oral argument that even if the revocation was justified, based on the other incidents, the matter should be remanded for re-sentencing due to the unknown weight given the letter incident in determining the total revocation period. This concept was never argued to the trial court or made in Kibler's brief. We therefore do not consider this argument under the provisions of Rule 5A:18. "The Court of Appeals will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998). No argument was advanced for application of the "ends of justice" exception, and we see none.

While a trial court may revoke a suspended sentence "for any cause the court deems sufficient" under Code § 19.2-306, the Supreme Court of Virginia has interpreted this language to mean a "reasonable cause." Slayton, 185 Va. at 367, 38 S.E.2d at 484. Although the court's basis for revocation must be reasonable, this Court has held that a defendant's actions need not be criminal conduct, but must be substantial misconduct. See Holden v. Commonwealth, 27 Va. App. 38, 43-44, 497 S.E.2d 492, 494-95 (1998).

Possession of a sharp instrument, threats to children and improper use of the mail are alike in all not being acts of good behavior. Each of the three incidents cited by the trial court, standing alone, would arguably be sufficient to be deemed by a trial court substantial misconduct sufficient to revoke Kibler's suspended sentences. When considered as a whole, Kibler's collective conduct satisfies any reasonable definition of substantial misconduct sufficient to revoke a suspended sentence.

It is apparent on the record that the trial court did not abuse its discretion in revoking Kibler's suspended sentences. The judgment of the trial court is therefore affirmed.

Affirmed.