COURT OF APPEALS OF VIRGINIA

Present: Judges Huff, Russell and Athey
Argued at Fredericksburg, Virginia


DEJA LACHEE McNAIR

MEMORANDUM OPINION* BY
v.       Record No. 0306-19-4                JUDGE GLEN A. HUFF
                                            FEBRUARY 4, 2020

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF STAFFORD COUNTY
Victoria A.B. Willis, Judge

Cole B. Dadswell, Assistant Public Defender, for appellant.

Leanna C. Minix, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.


Deja Lachee McNair ("appellant") appeals the revocation of the suspension of her

sentence and imposition of thirty days' active confinement for failing to turn herself in to the jail

for a time served calculation. She argues that the Circuit Court for Stafford County abused its

discretion because the evidence showed her failure to report to the jail was not willful but based

on a reasonable belief she had complied with the requirement to report. Because the trial court

used the wrong standard for assessing whether to revoke the suspension of appellant's sentence,

this Court reverses and remands.

I. BACKGROUND

"This Court considers the evidence in the light most favorable to the Commonwealth, as

the prevailing party below, granting to it all reasonable inferences that flow from the evidence."

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

<u>Bryant v. Commonwealth</u>, 67 Va. App. 569, 579 (2017), <u>aff'd</u>, 295 Va. 302 (2018). So viewed, the evidence is as follows:

Appellant pled guilty to failure to appear, grand larceny, and obtaining money by false pretenses. At the sentencing hearing, her attorney represented that before being released on bond while the case was pending appellant had served approximately a month in jail. Her attorney requested she be sentenced to time served. The trial court sentenced her to two years' and seven months' imprisonment with two years and six months suspended. At the trial court's suggestion, appellant's attorney requested that appellant be permitted to turn herself in later that day to the jail.[1]

The trial court explained to appellant that she would receive credit for her time already served in jail and that she needed to report to the jail by 4:00 p.m. or the trial court would revoke the suspension of her sentence and appellant would be required to serve active time:

> So here is how that works, you have until 4:00 today to go and report to the jail. Now, I understand that you're -- this is basically -- it's credit. You already have credit -- you'll get credit for time served, so this is going to be -- they have to process you still. If you don't show up at the jail by four p.m., then a capias is issued and you will serve all that suspended sentence. So on your own, you go down to the jail and report. We do have some paperwork for you before you leave, so you can have a seat.

A few days later, the Commonwealth sought to revoke the suspension of appellant's sentence, alleging she never reported to the jail for the proper processing.

At the probation violation hearing, the Commonwealth introduced a report from the jail that stated appellant never appeared.

---

[1] The trial court stated "I'm assuming, [appellant's trial attorney], that you want her to have a delayed report so she can go to the jail and report on her own?" Appellant's trial counsel replied "Yes."

Appellant testified that she went to the jail on the day of sentencing. Appellant informed the officer at the desk in the main lobby that she had to report to the jail and to pretrial services. The officer then directed her to the pretrial services office, and she met with her pretrial services officer. After she met with him, she reported to probation and parole. Appellant also testified that she had never turned herself in to a jail before. She thought she only needed to go for a time served calculation and would not need to actually be incarcerated at all.

The pretrial services officer also testified. He confirmed that appellant reported on the day of sentencing. He also confirmed that he told her she was finished with pretrial services.

Appellant's probation officer testified that appellant was doing well on probation. The probation officer confirmed appellant had reported to the probation office on the day of the sentencing. She had also reported on two others occasions. She did miss one appointment and a mental health evaluation, but all her drug tests were clean.

Appellant argued to the trial court that she had made a reasonable mistake. She argued she had not been expecting to actually serve time in jail and she thought she had complied with the requirement that she report to the jail when she spoke with the officer in the main lobby and he directed her to pretrial services.

The trial court rejected her argument. It held that a reasonable mistake would not excuse her failure to report to the jail. It stated it did not know if appellant was truly confused about whether she completed her obligation to report or not, but "the standard in the Court is not a reasonable mistake, the standard in the Court is that she needed to report to the jail, that's the standard." The trial court found her in violation of the conditions of her probation, revoked the suspension of her sentence, and resuspended all but one month of active incarceration.

This appeal followed.

## II. STANDARD OF REVIEW

"The sufficiency of the evidence to sustain an order of revocation 'is a matter within the sound discretion of the trial court. Its finding of fact and judgment thereon are reversible only upon a clear showing of abuse of such discretion.'" Duff v. Commonwealth, 16 Va. App. 293, 297 (1993) (quoting Hamilton v. Commonwealth, 217 Va. 325, 327 (1976)). However, "[a circuit] court by definition abuses its discretion when it makes an error of law. . . . The abuse-of-discretion standard includes review to determine that the discretion was not guided by erroneous legal conclusions." Porter v. Commonwealth, 276 Va. 203, 260 (2008) (alterations in original) (quoting Koon v. United States, 518 U.S. 81, 100 (1996)).

## III. ANALYSIS

Appellant contends the trial court erred by revoking the suspension of her sentence. Specifically, she contends the evidence was insufficient to establish that her failure to report to the jail was willful and the trial court improperly held her strictly liable for the failure to report. Although this Court is unconvinced the trial court could not have found a reasonable cause for finding appellant in violation of the conditions of her probation and revoking the suspension of her sentence, the trial court improperly adopted a strict accountability standard for evaluating whether appellant violated the conditions of her probation. Thus, the trial court erred in finding appellant in violation of the conditions of her probation. Therefore, this Court will reverse and remand for reconsideration under the proper standard.

The trial court "may revoke the suspension of [a] sentence for any cause the court deems sufficient." Code § 19.2-306. The "revocation of a suspended sentence lies in the discretion of the trial court and . . . this discretion is quite broad." Peyton v. Commonwealth, 268 Va. 503, 508 (2004) (quoting Hamilton, 217 Va. at 326). Nevertheless, "[t]he cause deemed by the court to be sufficient for revoking a suspension must be a reasonable cause." Marshall v.

- 4 -

Commonwealth, 202 Va. 217, 220 (1960). "The exercise of judicial discretion 'implies conscientious judgment, not arbitrary action.'" Rhodes v. Commonwealth, 45 Va. App. 645, 650 (2005) (quoting Slayton v. Commonwealth, 185 Va. 357, 367 (1946)).

The Commonwealth argues that the trial court could have found reasonable cause to find appellant in violation of the conditions of her probation even if appellant had a reasonable but mistaken belief that she had complied with the condition requiring her to report to jail. Essentially, the Commonwealth argues appellant's belief she complied with the condition of probation is irrelevant, and thus, that the trial court may have reasonable cause to revoke the suspension of a sentence even if appellant is not at fault for violating the conditions of probation.

This Court disagrees. This Court and the Supreme Court have only permitted revocation of the suspension of a sentence in either of two circumstances: 1) the defendant is at fault for violating a condition, or 2) the revocation was to effectively implement a condition of the suspension that a change in circumstances rendered impossible to strictly fulfill.

The Supreme Court has rejected the proposition that a defendant's suspension of sentence may be revoked, and active time imposed, when the defendant is completely without fault for violating the conditions of the suspension. In Peyton, the defendant's sentence was suspended conditioned on his commitment to a custodial diversion program with the Department of Corrections. When a medical condition made it impossible to continue in the program, the trial court revoked the suspension of the defendant's sentence and imposed the remaining seven years of his sentence. The Supreme Court reversed. The Supreme Court concluded the trial court erred by revoking the suspension of the sentence and imposing active time without considering alternatives to incarceration. Peyton, 268 Va. at 511.

In Word v. Commonwealth, 41 Va. App. 496 (2003), this Court made a distinction between revocation of the suspension of a sentence and finding a defendant violated the

- 5 -

conditions of probation. In Word, the defendant was sentenced to an active sentence of twelve months' incarceration with nine years' incarceration suspended on the condition he complete a custodial diversion program. Before the defendant was released to the diversion program, the program rejected his participation because he was facing federal arrest for conduct committed before his sentencing. The trial court revoked the defendant's suspended sentence, imposed 120 days of additional active time, and found the defendant in violation of his probation. This Court affirmed in part and reversed in part.

First, this Court held the trial court erred by finding appellant in violation of his probation conditions because he had committed no willful misconduct during the probationary period after he was sentenced. It stated:

> The true objective of suspended sentencing [and probation] is to rehabilitate and to encourage a convicted defendant to be of good behavior. To accomplish this it is necessary that good conduct be rewarded. It is important that a defendant know that good conduct on his part will expedite his complete restoration to society.

Id. at 507 (quoting Hamilton, 217 Va. at 328).

Second, although this Court affirmed the revocation of the suspension of the defendant's sentence and the imposition of 120 days of active incarceration, it did so on a narrow ground. This Court explicitly noted that the trial court considered the diversion program as a form of incarceration and that the trial court was imposing active time to effect the purpose of the diversionary program condition: delaying the time when the defendant would be released into the public. Id. at 505. Thus, even though this Court affirmed the imposition of active time despite the defendant's lack of fault in violating the conditions of probation, imposing active time effectuated a condition that had been rendered impossible to satisfy because the diversion program rejected the defendant's participation.

Thus, although a trial court has the authority to revoke the suspension of a sentence for the purpose of effectuating a condition of the suspension that has—through no fault of the defendant—become impossible to fulfill, it does not otherwise have the authority to find a defendant in violation of probation or revoke the suspension of a sentence without finding the defendant has some culpability with respect to a violated condition. In other words, the trial court may not hold a defendant strictly liable for failure to comply with the conditions of probation.[2] If this Court permitted a defendant to be found in violation without regard to fault, it would teach a defendant "that good conduct on h[er] part will [not] expedite h[er] complete restoration to society." Word, 41 Va. App. at 507 (quoting Hamilton, 217 Va. at 328). This Court will not do so.

"Although we presume that a trial judge properly based his decision on the evidence presented and properly applied the law, we do not indulge those presumptions in the face of clear evidence to the contrary." Brown v. Commonwealth, 8 Va. App. 126, 133 (1989) (citations omitted). Here, the trial court explicitly stated that it did not matter if appellant had made a reasonable mistake, she failed to report to the jail and thus was in violation of the conditions of her probation:

---

[2] Appellant argues that a violation must be "willful" to be culpable. Appellant equates that to knowingly and intentionally violating the condition of probation. The Commonwealth agrees that violations must be "willful" but argues that willful means only that the failure is the result of her voluntary actions unrestrained by others. This Court need not resolve the exact mental state required to find a defendant culpable in violating a probation condition. The standard for determining whether there is cause to find a defendant violated a probation condition is "reasonable cause." Thus, the exact mental state required for finding a violation depends on the specific condition violated. For example, finding a defendant has violated a restitution condition requires a willful refusal to pay. Duff v. Commonwealth, 16 Va. App. 293, 298-99 (1993).

Here, appellant only argued to the trial court that the failure to report to jail was a "reasonable mistake." Thus, she implicitly acknowledged that an unreasonable mistake, e.g. negligent failure to report to the jail, would have been sufficient cause to find her in violation of the condition of her probation requiring her to report to the jail.

>Unfortunately, the standard in the Court is not a reasonable mistake, the standard in the Court is that she needed to report to the jail, that's the standard.
>
>. . . .
>
>And I hear you, and I'm sorry for her, but I am going to find her guilty of the violation.

The trial court revoked the suspension of her sentence based on the violation finding. The trial court also concluded that it did not know if appellant was really confused about whether she had properly reported to the jail.

>And somehow it comes back and I'm put in a position with a person who may genuinely have been confused or not, I really don't know.

The trial court exercised its discretion to revoke appellant's probation and the suspension of her sentence under a mistaken view of the law. See Everett v. Tawes, ___Va. ___, ___ (Oct. 31, 2019) ("A circuit court's discretionary authority means it 'has a range of choice, and that its decision will not be disturbed as long as it stays within that range and is not *influenced* by any mistake of law.'" (quoting Landrum v. Chippenham & Johnston-Willis Hosps., Inc., 282 Va. 346, 352 (2011))). By stating that "the standard . . . is that she needed to report to the jail" the trial court, in essence, held appellant strictly liable for failing to report, and refused to consider any factors that may have made her failure to report "reasonable." If her failure to report was reasonable, by definition, finding appellant in violation of the conditions of her probation was unreasonable. Thus, this Court reverses, remands, and instructs the trial court to reconsider its finding that appellant violated the condition of her probation. The trial court should resolve the question of whether appellant was confused about whether she complied with the reporting requirement and, if it finds she was confused, whether her mistake in failing to report was reasonable.

IV.  CONCLUSION

The trial court erred by holding, in effect, that appellant was strictly liable for her failure to comply with the condition of her probation requiring her to report to the jail.  This Court reverses and remands for reconsideration of the probation violation finding.  In the circumstances of this case, the trial court may find appellant in violation of the condition of her probation, and revoke the suspension of the sentence, only if it finds she willfully failed to report to the jail or her confusion or mistake in failing to report was unreasonable.

Reversed and remanded.