COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:  Judges Athey, Callins and Frucci
Argued at Salem, Virginia


COLEY WESLEY WATKINS

                                                        MEMORANDUM OPINION* BY
v.        Record No. 0337-24-3                          JUDGE DOMINIQUE A. CALLINS
                                                        DECEMBER 30, 2024

COMMONWEALTH OF VIRGINIA


                      FROM THE CIRCUIT COURT OF HENRY COUNTY
                                James R. McGarry, Judge

            Kelsey Bulger, Deputy Appellate Counsel (Eric Weathers, Assistant
            Public Defender; Catherine French Zagurskie, Chief Appellate
            Counsel; Virginia Indigent Defense Commission, on briefs), for
            appellant.

            Melanie D. Edge, Assistant Attorney General (Jason S. Miyares,
            Attorney General, on briefs), for appellee.


        Coley Wesley Watkins appeals the judgment of the Henry County Circuit Court finding

him in violation of the conditions of his probation and revoking his suspended sentence and

reimposing the remaining 3 years, 2 months, and 16 days of his original sentence. Specifically,

Watkins argues first that the circuit court lacked reasonable cause to conclude he violated a

condition of his supervised probation, and second that it abused its discretion in revoking his

suspended sentence. Finding that Watkins failed to preserve the first argument and that the

second argument is without merit, we affirm the judgment of the trial court.

_____

        * This opinion is not designated for publication. *See* Code § 17.1-413(A).

BACKGROUND[1]

In 2018, the Henry County Circuit Court convicted Watkins of unlawful wounding and of assault and battery of a household member. The court sentenced Watkins to 5 years' incarceration for the unlawful wounding conviction, with 4 years and 8 months suspended, and 12 months' incarceration for the assault and battery conviction, with 8 months suspended. In total, Watkins initially served 8 months of active incarceration. The circuit court conditioned Watkins's suspended sentence on compliance with, inter alia, supervised probation for 2 years, good behavior for 5 years, and an order prohibiting Watkins's contact with the victims of his crimes.

Later the same year, Watkins's probation officer filed a major violation report alleging that Watkins had "absconded from supervision and his whereabouts [were] unknown." According to the report Watkins (1) relocated within North Carolina where his probation had been transferred, (2) failed to report his new address to his probation officer, (3) had not made any payments on outstanding court costs owed, and (4) was observed "on several occasions" with one of the victims of his crime, despite the no contact order. The probation officer later reported that Watkins had been recently convicted of one count of abduction, one count of assault and battery of a family member, and another count of misdemeanor assault and battery in Henry County. At a probation violation hearing held in February 2020, the circuit court revoked

---

[1] "This Court considers the evidence in the light most favorable to the Commonwealth, as the prevailing party below, granting to it all reasonable inferences that flow from the evidence." *Bryant v. Commonwealth*, 67 Va. App. 569, 579 (2017). Further, parts of this record, as well as the appellee's brief, are sealed. It is necessary to unseal certain portions of the record and appellee's brief to resolve the issues raised. "Evidence and factual findings below that are necessary to address the assignments of error are included in this opinion." *Brandon v. Coffey*, 77 Va. App. 628, 632 n.2 (2023). "To the extent that this opinion mentions facts found in the sealed record, we unseal only those specific facts, finding them relevant to the decision in this case. The remainder of the previously sealed record remains sealed." *Id.* (quoting *Levick v. MacDougall*, 294 Va. 283, 288 n.1 (2017)).

all 8 months of the suspended sentence on the assault and battery conviction, and 8 months of the suspended sentence on the unlawful wounding conviction. Thus, Watkins served an active sentence of 16 months for this probation violation. Further, the court extended Watkins's supervised probation an additional 2 years.

The circuit court again found Watkins in violation of his probation two years later, after another major violation report indicated that Watkins had tested positive for methamphetamines and amphetamines and was discharged from a substance abuse treatment program due to non-compliance. The probation officer also found Watkins non-compliant with his curfew despite being placed on electronic monitoring. At the time of the major violation report, Watkins was being held in North Carolina awaiting a separate probation violation. Based on these violations, the circuit court revoked 14 days of his suspended sentence for unlawful wounding.

In June 2022, Watkins incurred a third probation violation after Watkins's probation officer received notice that Watkins "never reported to [the North Carolina] Prob[ation] Officer." For this violation, the circuit court revoked 3 months of Watkins's unlawful wounding suspended sentence.

Five months later, the circuit court convicted Watkins for a fourth probation violation after Watkins "absconded and [had] never contacted [the probation office]" upon his release from incarceration on his third violation. The circuit court revoked 6 months of Watkins's suspended sentence for unlawful wounding.

On February 7, 2024, Watkins appeared before the circuit court on his fifth probation violation. His probation officer reported that Watkins was released to probation on April 6, 2023; Watkins's probation was again transferred to North Carolina where he resided. The probation officer received a notification from North Carolina advising that Watkins had absconded from supervision. Watkins missed a scheduled appointment, despite multiple

attempts by probation to conduct home visits with Watkins. The North Carolina probation officer learned that Watkins had been "banned" from the address he reported as his home address and that he had not provided probation with a new address. Watkins's father likewise reported that he did not know Watkins's whereabouts. By the time a major violation report was issued, Watkins had not had contact with his probation officer for almost three months.

The probation officer indicated that Watkins had violated Conditions 10 and 11 of his probation. Condition 10 provided that Watkins would not "change [his] residence without the permission of the Probation and Parole Officer." Condition 11 provided that Watkins would not "abscond from supervision."

At the revocation hearing, the Commonwealth introduced the probation report. The trial court observed that Watkins had been evaluated for placement in the Community Corrections Alternative Program but was found ineligible due to his prior conviction for abduction. Watkins introduced "a letter from Piedmont Community Services and an acceptance to the Hope Center" residential treatment program. Watkins proffered that the North Carolina probation officer would not allow him to live with his father but had approved his living with some friends. According to Watkins the friends, though, "were potentially stealing some of his property" and his living situation had become "unviable," causing him to leave. Watkins further proffered that because of this "disagreement" with his friends and because he could not live with his father, he "became homeless." Watkins also claimed that he suffered from depression and wanted to complete the Hope Center program "as he [hadn't] had that opportunity in the past."

The Commonwealth opposed the Hope Center placement because the center allowed residents to come and go freely, and the Commonwealth urged Watkins's placement in a secure facility. In allocution, Watkins stated that he wanted a better life and that he was "doing

everything right," and attributed his current probation violation to "a communication thing and people stealing from [him]."

The circuit court found that placement with the Hope Center was "not appropriate" for Watkins given his history of absconding from probation and "walk[ing] away" from a previous treatment program. The trial court further found that Watkins demonstrated an "unwillingness" to participate in probation and opined that it was a "waste of the probation officer's time" to keep Watkins on probation. Concluding that probation "[wa]s doing no good" for Watkins, the court revoked all remaining 3 years, 2 months, and 16 days of Watkins's suspended sentence on the unlawful wounding conviction, imposing the same as active incarceration with no probation upon release. The court entered a sentencing order to this effect on February 14, 2024.

## ANALYSIS

Watkins presents two issues on appeal. First, he argues that the trial court erred in finding him in violation of Condition 10 of his probation. Second, he contends that the trial court abused its discretion in revoking the remainder of his suspended sentence on the unlawful wounding charge as a result of his probation violation.

"The sufficiency of the evidence to sustain an order of revocation 'is a matter within the sound discretion of the trial court.'" *Marshall v. Commonwealth*, 202 Va. 217, 220 (1960) (quoting *Slayton v. Commonwealth*, 185 Va. 357, 367 (1946)). A trial court commits an abuse of discretion "when a relevant factor that should have been given significant weight is not considered; when an irrelevant or improper factor is considered and given significant weight; [or] when all proper factors, and no improper ones, are considered, but the court . . . commits a clear error of judgment." *Murry v. Commonwealth*, 288 Va. 117, 122 (2014) (first alteration in original) (quoting *Landrum v. Chippenham & Johnston-Willis Hosps., Inc.*, 282 Va. 346, 352 (2011)).

We address each of Watkins's assignments of error in turn.

## I. Changing Residence Without Approval

On his first assignment of error, Watkins primarily argues that the circuit court lacked reasonable cause to find that Watkins violated Condition 10 of his supervised probation. We find that this argument was not preserved.

"No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice." Rule 5A:18. "The rule is designed to prevent unnecessary appeals by permitting the resolution of the objection in the trial court, 'either because the trial court intervenes with a corrective ruling that accommodates the asserted interests of both sides or because opposing counsel gives a winning explanation that moots the objection altogether.'" *Hicks v. Commonwealth*, 71 Va. App. 255, 266 (2019) (quoting *Bethea v. Commonwealth*, 297 Va. 730, 744 (2019)) (holding that a criminal defendant failed to preserve arguments relating to proper jury instructions because his objection made at trial lacked specificity).

Here, Watkins did not object to the trial court's finding that he violated Condition 10 of his probation, either by motion to strike or other argument at the hearing, or by written objection to the trial court's sentencing order. To the contrary, Watkins's presentation at the revocation hearing was limited to the submission of two documents into evidence, his proffer regarding his housing situation and request for placement in the Hope Center, and his allocution. Watkins made no contemporaneous objection to the trial court's ruling.

Watkins now contends[2] that he "preserved the argument that he did not willfully violate Condition 10 in the trial court by making a timely argument that negated willfulness" and that he "never conceded or stipulated to a violation of Condition 10." The record reflects that, although Watkins attempted to explain by proffer the circumstances which led to his homelessness, he did not specifically challenge the sufficiency of the evidence to support a finding that Watkins's failure to notify his probation officer of his change in residence was willful. *See Hannah v. Commonwealth*, 303 Va. 106, 126 (2024) ("Like any other objection, challenges to the sufficiency of the evidence are only preserved if raised *with some specificity* in the court below." (emphasis added)). Instead, Watkins's attorney focused on the potential sentence, appearing to accept as inevitable the circuit court's finding of a violation. At the conclusion of his proffer, Watkins pleaded, "so, we would ask for Mr. Watkins to have an opportunity to complete the Hope Center as he hasn't had that opportunity in the past. . . . [W]e would ask Your Honor to sentence Mr. Watkins to CCAP or to the Hope Center and allow him to complete that program and get the help that he needs."

Therefore, we find that Watkins's first assignment of error was not properly preserved for appellate consideration.

## II. Revocation of Watkins's Suspended Sentence

On his second assignment of error, Watkins argues that the trial court committed a clear error of judgment by improperly weighing the factors at sentencing and abused its discretion in revoking the suspension of Watkins's sentence. We disagree.

Code § 19.2-306.1(C) provides, inter alia, that a trial court may "impose whatever sentence might have been originally imposed for a third or subsequent technical violation" of the conditions of probation. *See also* Code § 19.2-306.1(A)(x) (defining a probationer's failure to

---

[2] By leave of this Court, Watkins submitted a supplemental brief post-oral argument to address the specific issue of preservation of this argument on appeal.

maintain contact with probation as a "technical violation"). When a trial court revokes the suspension of a sentence based on Code § 19.2-306.1(C), Code § 19.2-306 makes plain that "revocation of a previously suspended sentence and the resuspension of some or all of that previously suspended sentence is *a new sentencing event*, restricted only by limitations that it may not extend the length of the original sentence or the length of the period of suspension." *Reinke v. Commonwealth*, 51 Va. App. 357, 367-68 (2008) (emphasis in original). While it is "within the trial court's purview to weigh any mitigating factors presented by" a criminal defendant, *Keselica v. Commonwealth*, 34 Va. App. 31, 36 (2000), this Court "will not presume that a trial court purposefully ignored mitigating factors in blind pursuit of a harsh sentence," *Bassett v. Commonwealth*, 13 Va. App. 580, 584 (1992).

Here, assuming without deciding that the trial court erred in finding Watkins in violation of Condition 10 of his probation, the trial court nonetheless did not err in revoking the suspension of his sentence because the trial court also found that Watkins violated Condition 11.[3] At Watkins's revocation hearing, the trial court noted that he had "absconded three times" and that this was his fifth probation violation, which "show[ed] [his] unwillingness to participate and [his] willingness to just completely walk away from [his] obligations." Further, allowing Watkins to participate in the treatment program that he requested "would allow [him] that same opportunity [to walk away from his obligations]," since he could come and go from the program at will. The trial court further noted that Watkins had previously been discharged from a similar program for twice failing to report as required. Based upon Watkins's record, the trial court concluded that he was "not participating in probation" and that "[p]robation [wa]s doing no good for [him]."

---

[3] Watkins does not challenge the trial court's finding that he violated Condition 11 on appeal.

Moreover, Watkins's assignment of error on this point lacks force. At no point in announcing its oral ruling at the sentencing hearing did the trial court reference Watkins's failure to report his change in address—the conduct at issue under the Condition 10 violation. Instead, the trial court exclusively focused on Watkins's history of absconding from both probation and substance abuse treatment programs. The trial court likewise made no reference at all to Watkins's Condition 10 violation in its written sentencing order. Indeed, it appears that the trial court's basis for finding Watkins in violation of the terms of his probation was solely, if not primarily, Watkins's pattern of absconding in violation of Condition 11.

The evidence adduced at the hearing was clearly sufficient to establish that Watkins violated Condition 11 of his probation, namely by absconding from his obligation to report to his probation officer. Watkins's failure to report to probation for a period of three months was part of his pattern of failing to report to probation over the years since he was originally sentenced. Because the circuit court did not "extend the length of the original sentence or the length of the period of suspension" we cannot say that the trial court abused its discretion. *Reinke*, 51 Va. App. at 368. By the plain language of Code § 19.2-306.1(C), the court was well within the scope of its discretion in revoking the suspension of Watkins's sentence.

CONCLUSION

For the foregoing reasons, the circuit court's judgment is affirmed.

*Affirmed.*