COURT OF APPEALS OF VIRGINIA

Present:   Judges Bumgardner, Clements and McClanahan
Argued at Richmond, Virginia


MARK ANDREW RHODES

                                                    OPINION BY
v.       Record No. 1537-04-2            JUDGE JEAN HARRISON CLEMENTS
                                                    MAY 24, 2005
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF LOUISA COUNTY
                          John R. Cullen, Judge

        Robert R. Hagy, II (Law Offices of Rob Hagy, P.C., on briefs), for
        appellant.

        Virginia B. Theisen, Assistant Attorney General (Jerry W. Kilgore,
        Attorney General, on brief), for appellee.


        Mark Andrew Rhodes (appellant) appeals from an order of the trial court revoking the

suspension of his previously suspended sentences and resuspending seven of the nine unserved

years of those sentences.  He contends the trial court erred in (1) resuspending only seven of the

nine remaining years of his original sentences and (2) failing to consider reasonable alternatives

to incarceration.  Finding no error, we affirm the trial court's judgment.

                                I.  BACKGROUND

        "Under familiar principles of appellate review, we view the evidence and all reasonable

inferences fairly deducible from that evidence in the light most favorable to the Commonwealth,

the party that prevailed below."  Banks v. Commonwealth, 41 Va. App. 539, 543, 586 S.E.2d

876, 877 (2003).  So viewed, the evidence established that, while riding in the passenger seat of

an automobile on May 25, 2001, appellant seized the steering wheel from the driver and caused

the vehicle to collide with a tree.  Both the driver and appellant were injured in the collision.

Appellant was charged with and convicted of malicious wounding, driving while intoxicated, and driving on a suspended license. By order dated April 3, 2002, the trial court sentenced him to ten years in prison, with seven years suspended, on the malicious-wounding charge and twelve months in jail, with twelve months suspended, on each of the driving charges. The suspended sentences were conditioned upon appellant's good behavior, abstention from alcohol and drug use, five years of supervised probation, and successful completion of the "Detention and Diversion Programs upon completion of his active sentence."

In prison, appellant's doctors prescribed Neurontin and Ibuprofen to treat the persistent back pain and numbness he continued to experience as a result of the collision. He tried other medications but believed this combination of pain medication was most effective in treating his condition.

After serving his three-year active sentence, appellant went directly to the White Post Detention Center Program on April 19, 2004. He was still taking Neurontin and Ibuprofen at the time. Upon his arrival at the detention center, the facility nurse informed him that the use of Neurontin was not permitted in the facility. In response, appellant indicated he wanted to "sign out" of the detention center program, but was persuaded to stay until he could see the facility physician. During his stay at the facility, appellant performed "exceptionally well in all components of the program."

On April 22, 2004, appellant met with the physician. The doctor prescribed Tylenol 500 mg as an alternative to Neurontin. On April 27, 2004, appellant reported to the doctor that, although not as widespread as before, his back pain persisted. Upon examining him, the doctor noted that appellant was able to "easily ben[d] over on an elevated table to grab his socks and . . . bend over at the waist" and "had no difficulty getting dressed and putting his boots on."

On April 30, 2004, appellant voluntarily withdrew from the detention center program, aware that such an action constituted a violation of the terms and conditions of his suspended sentences. In signing a form entitled "Voluntary Request for Program Removal," appellant indicated he understood his decision would trigger a revocation hearing that could "result in the imposition of [his] suspended sentence[s] and [his] incarceration."

The trial court conducted a revocation hearing on June 7, 2004. At that hearing, appellant testified that, since his withdrawal from the detention center program, his prescription for pain medication had been changed to Flexeril and Motrin. He further testified he wanted to be reevaluated for the detention and diversion center programs and would be "willing to try to give it a go with the medications that [the doctors in those programs] would prescribe."

Finding appellant "guilty of violating the terms and conditions of the [April 3, 2002] order [requiring] him to enter into and successfully complete the detention center program and the diversion center program," the trial court revoked the suspension of the remaining seven-year portion of the prison sentence on the malicious-wounding charge and the unserved twelve-month jail sentences on the driving-while-intoxicated and driving-on-a-suspended-license charges. Further finding that appellant was not "an appropriate candidate for either the detention center or the diversion center program," the court resuspended five years of the prison sentence and twelve months of each jail sentence, resulting in an active sentence of two years in prison.

This appeal followed.

## II. ANALYSIS

On appeal, appellant does not dispute that he violated the terms and conditions of his previously suspended sentences by voluntarily withdrawing from the detention center program. Nor does he challenge the trial court's revocation of the suspension of those sentences. Rather, he contends solely that the trial court abused its discretion (1) in resuspending only seven of the

remaining nine years of his sentences and (2) in not considering reasonable alternatives to active incarceration at the revocation hearing. For the reasons that follow, we disagree.

A. Resuspension of Sentences

Code § 19.2-306(C) provides, in pertinent part, as follows:

> If the court, after hearing, finds good cause to believe that the defendant has violated the terms of suspension, then . . . the court shall revoke the suspension and the original sentence shall be in full force and effect. The court may again suspend all or any part of this sentence and may place the defendant upon terms and conditions or probation.

Having found good cause to believe appellant had violated the terms of suspension by voluntarily withdrawing from the detention center program, the trial court revoked the suspension of the balance of appellant's original sentences. Thus, the unserved nine-year portion of those sentences was "in full force and effect" and the trial court was authorized to resuspend "all or any part" of that unserved portion of the original sentences. Code § 19.2-306(C). The trial court then resuspended seven of the nine remaining years.

Appellant argues that the resultant imposition of two years of active prison time was disproportionate to his violation of the terms and conditions of his suspended sentences and was, thus, an abuse of the trial court's discretion. Appellant's argument is without merit.

The determination under Code § 19.2-306(C) of what, if any, part of the restored original sentence is to be resuspended is a matter that lies within the trial court's sound discretion. See Slayton v. Commonwealth, 185 Va. 357, 365, 38 S.E.2d 479, 482-83 (1946) (noting that the suspension of a sentence is "left to the discretion of the trial court"); Wright v. Commonwealth, 32 Va. App. 148, 152-53, 526 S.E.2d 784, 786-87 (2000) (noting that Code § 19.2-306 confers broad discretion upon the trial court in matters involving the suspension of sentences). Hence, the question here is simply whether there has been an abuse of discretion. The exercise of

judicial discretion "'implies conscientious judgment, not arbitrary action.'" Slayton, 185 Va. at 367, 38 S.E.2d at 484 (quoting Burns v. United States, 287 U.S. 216, 222-23 (1932)).

Here, there is no showing in the record that the trial court acted arbitrarily in resuspending only seven of the nine unserved years remaining on appellant's original sentences. After having been convicted of malicious wounding, driving while intoxicated, and driving on a suspended license, appellant was sentenced to a total of twelve years' incarceration. Treating appellant with leniency, the trial court suspended all but three years of appellant's sentences upon the condition that, among other things, he successfully complete the detention center program and the diversion center program. Thus, once appellant completed the three-year period of active incarceration, he was to be successively confined in "another intermediate facility of the Department [of Corrections] as an alternative to incarceration where he would receive a variety of services." Word v. Commonwealth, 41 Va. App. 496, 504-05, 586 S.E.2d 282, 286 (2003). Clearly, then, the trial court did not intend that appellant would be released from confinement after only three years of incarceration without first spending "an additional term of confinement in a regimented environment with a structured program between his active incarceration and his release into the community." Id. at 503, 586 S.E.2d at 285. When appellant violated the terms of his suspended sentences by voluntarily withdrawing from the detention center program, the trial court found that he was not "an appropriate candidate for either the detention center or the diversion center program" and effectively returned him to active incarceration for an additional two years, which was well within the range of his original sentence and "consistent with the trial court's original sentencing objectives." Id. at 505, 586 S.E.2d at 286.

Under these circumstances, we cannot say the trial court abused its discretionary authority under Code § 19.2-306(C). See id. ("When [the defendant] could no longer satisfy the

- 5 -

prerequisite condition under which his sentence was suspended, i.e. that he enter and successfully complete two Department programs, the court had the authority to reconsider the suspended sentences and to determine what portion of the suspended sentences or other alternatives to incarceration would be appropriate in lieu of the confinement that had been ordered in the community-based programs.").

## B. Reasonable Alternatives to Incarceration

Appellant's contention that the trial court abused its discretion by not considering reasonable alternatives to active incarceration at the revocation hearing is also without merit.

For one thing, appellant's premise that the trial court did not consider reasonable alternatives to active incarceration is not supported by the record. In response to appellant's request at the revocation hearing that he be reevaluated for the detention and diversion center programs, the trial court expressly found that appellant was no longer "an appropriate candidate for either the detention center or the diversion center program." Clearly, the making of such a finding constitutes consideration by the trial court of the alternatives to active incarceration requested by appellant.

Moreover, there is no legal authority requiring a trial court to consider reasonable alternatives to incarceration under the circumstances before us in this case. As previously mentioned, the trial court suspended nine of the twelve total years of appellant's sentences upon the condition that he successfully complete the detention center program and the diversion center program. After serving the active portion of his prison sentence, appellant reported to the detention center program, where he learned he would be unable to use the medication he found to be the most effective in relieving his back pain. Appellant was initially persuaded to stay in the program and performed "exceptionally well." However, citing the unsuitability of the medication prescribed by the facility doctor, he voluntarily withdrew from the detention center

- 6 -

program after eleven days, in violation of the terms and conditions of his suspended sentences. The record contains neither a finding by any healthcare personnel that such a withdrawal was medically necessary nor a determination by the Department of Corrections that appellant was unable to complete the program.

Code § 19.2-316.2(A)(4) provides, in pertinent part, as follows:

> Upon the defendant's (i) voluntary withdrawal from the [detention center] program [or] (ii) removal from the [detention center] program by the Department for intractable behavior as defined in § 19.2-316.1. . . , the court shall cause the defendant to show cause why his . . . suspension of sentence should not be revoked. Upon a finding that the defendant voluntarily withdrew from the program [or] was removed from the program by the Department for intractable behavior . . . , the court may revoke all or part of the . . . suspended sentence . . . .

Code § 19.2-316.1 defines "intractable behavior" as "that behavior which, in the determination of the Department of Corrections, (i) indicates an inmate's unwillingness or inability to conform his behavior to that necessary to his successful completion of the program or (ii) is so disruptive as to threaten the successful completion of the program by other participants." Thus, the Department of Corrections may remove a participant from the detention center program, under Code § 19.2-316.2(A)(4)(ii), for "intractable behavior" if the participant is "no longer physically, or mentally, suited for the program." Peyton v. Commonwealth, 268 Va. 503, 511, 604 S.E.2d 17, 21 (2004).

Here, however, appellant concedes he voluntarily withdrew from the detention center program. Accordingly, the trial court was authorized, under Code § 19.2-316.2(A)(4), to revoke the suspension of appellant's previously suspended sentences and return him to active incarceration to serve the balance of his original sentences. See also Leitao v. Commonwealth, 39 Va. App. 435, 438, 573 S.E.2d 317, 319 (2002) ("When a court revokes the suspension of

execution of sentence, 'the original sentence shall be in full force and effect.'" (quoting Code § 19.2-306(C))).

Nevertheless, relying on <u>Peyton</u>, appellant argues that, in light of the circumstances "necessitating" his withdrawal from the detention center program, the trial court abused its discretion in not considering reasonable alternatives to incarceration. Appellant's reliance on <u>Peyton</u> is misplaced.

In <u>Peyton</u>, the trial court suspended a part of Peyton's sentence upon the condition that he complete the detention center program. 268 Va. at 506, 604 S.E.2d at 18. After more than three months in the program, Peyton began vomiting blood and was taken to the hospital. <u>Id.</u> Citing "medical/psychological reasons," the Department of Corrections removed Peyton from the program. <u>Id.</u> at 507, 604 S.E.2d at 18. In a show cause hearing, having determined that Peyton had violated the terms of his suspended sentence by not completing the detention center program, "the trial court revoked the suspended sentence and imposed the original three[-]year active sentence," <u>id.</u>, "without considering reasonable alternatives to imprisonment," <u>id.</u> at 511, 604 S.E.2d at 21. Upon review, the Supreme Court first noted that Peyton's removal from the detention center program was not a voluntary withdrawal from the program. <u>Id.</u> at 510, 604 S.E.2d at 20. Examining the meaning of the term "intractable behavior" in Code § 19.2-316.2(A)(4)(ii) and focusing on the "distinction between the willful failure of an inmate to comply with the requirements of the detention center program . . . and the subsequent inability of the inmate to do so resulting from an unforeseen medical condition," the Court then held that, where the removal of a participant from the detention center program results from the participant's "unforeseen medical condition," rather than his willful "behavior or conduct," a trial court abuses its discretion in revoking a suspended sentence without considering "reasonable alternatives to imprisonment." <u>Id.</u> at 511, 604 S.E.2d at 21. Finally, the Supreme

Court determined that, in light of the circumstances of the case, the trial court abused its discretion in revoking Peyton's suspended sentence "without considering reasonable alternatives to imprisonment." Id.

Here, unlike Peyton, appellant was not removed from the detention center program for "intractable behavior." Instead, he chose to withdraw from the program of his own accord and his decision to do so was admittedly voluntary. Nothing in the record shows that his removal was being contemplated by the Department of Corrections or that it was medically necessary. Additionally, the instant record reflects that the trial court in this case, unlike the trial court in Peyton, considered alternatives to incarceration at the revocation hearing. Thus, Peyton is clearly distinguishable from the case before us and is inapposite.

We conclude, therefore, that the trial court's decision, following appellant's violation of the terms and conditions of his suspended sentences, to effectively impose an active sentence of two years in prison rather than permit appellant to participate in the detention center and diversion center programs was not an abuse of the court's discretionary authority under Code § 19.2-316.2(A)(4).

Accordingly, we affirm the trial court's judgment.

Affirmed.