COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Felton, Judge McClanahan and Senior Judge Coleman
Argued at Salem, Virginia


EUGENE BOBBY CALLOWAY

                                                  MEMORANDUM OPINION* BY
v.        Record No. 2959-06-3             CHIEF JUDGE WALTER S. FELTON, JR.
                                                        OCTOBER 7, 2008
COMMONWEALTH OF VIRGINIA


                 FROM THE CIRCUIT COURT OF PITTSYLVANIA COUNTY
                                Charles J. Strauss, Judge

            James C. Martin (Jesse W. Meadows, III, on brief), for appellant.

            (Robert F. McDonnell, Attorney General; Josephine F. Whalen,
            Assistant Attorney General II, on brief), for appellee.
            Appellee submitting on brief.


        Eugene Bobby Calloway ("appellant") appeals a judgment of the Circuit Court of

Pittsylvania County ("trial court") finding that he violated the terms and conditions of his

probation, revoking the suspension of his previously imposed sentences, and declining to

resuspend any portion of the reimposed sentences.  For the following reasons, we affirm the

judgment of the trial court.  As the parties are familiar with the record below, we cite only those

facts necessary to the disposition of the appeal.

                                              I.

        In 2002, appellant was sentenced to five years incarceration for felony hit and run.  Three

years and nine months of that sentence were suspended.  At the same time, he was also convicted

of unauthorized use of a motor vehicle, and sentenced to one year imprisonment, all of which

was suspended.  Additionally, he was convicted of driving on a suspended operator's license,

_____

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

and sentenced to sixty days incarceration, all of which was suspended. The trial court suspended each of the respective sentences on the condition that, following his release from incarceration, appellant complete three years of supervised probation and be of good behavior for a period of six years.

At a November 2006 probation revocation hearing, the trial court found that appellant violated the terms and conditions of his supervised probation and condition of good behavior, revoked each of the suspended sentences, and reimposed the sentence to incarceration of the unserved portions of the previously suspended sentences. On appeal, appellant contends "the trial court abused it[s] discretion in finding [he] violated his probation." We affirm the judgment of the trial court.

Viewed in the light most favorable to the Commonwealth, the party prevailing in the trial court, Dowden v. Commonwealth, 260 Va. 459, 461, 536 S.E.2d 437, 438 (2000), the record on appeal established that appellant's probation officer filed a major violation report asserting that appellant committed numerous probation violations during his supervised probation following his release from incarceration. The probation officer also advised the trial court that appellant had been convicted of additional felony charges during the period of his supervised probation.

At appellant's probation violation hearing, the evidence proved that appellant had been convicted of multiple felony and misdemeanor offenses committed during the period of his supervised probation, including abduction, two counts of feloniously assaulting a police officer, two counts of domestic assault and battery, and obstruction of justice. From the record presented to us on appeal, we cannot conclude that the trial court abused its discretion in finding that appellant violated the terms and conditions on which the sentences were suspended.

II.

Appellant also contends the trial court "abused it[s] discretion in imposing the entire remaining sentence" after it revoked the suspension of his previously imposed sentences. When a trial court "finds good cause to believe that the defendant has violated the terms of suspension [of an imposed sentence], then . . . if the court originally suspended the execution of the [imposed] sentence, the court shall revoke the suspension and the original sentence shall be in full force and effect." Code § 19.2-306(C). Whether to suspend all or part of the revoked suspended sentence lies within the sound discretion of the trial court.

We have previously held that

> [t]he determination under Code § 19.2-306(C) of what, if any, part of the restored original sentence is to be resuspended is a matter that lies within the trial court's sound discretion. See Slayton v. Commonwealth, 185 Va. 357, 365, 38 S.E.2d 479, 482-83 (1946) (noting that the suspension of a sentence is "left to the discretion of the trial court"); Wright v. Commonwealth, 32 Va. App. 148, 152-53, 526 S.E.2d 784, 786-87 (2000) (noting that Code § 19.2-306 confers broad discretion upon the trial court in matters involving the suspension of sentences). Hence, the question here is simply whether there has been an abuse of discretion.

Rhodes v. Commonwealth, 45 Va. App. 645, 650, 613 S.E.2d 466, 469 (2005).

From the record on appeal, we conclude that the trial court did not abuse its discretion in declining to resuspend any portion of appellant's reinstated sentences.

For these reasons, we affirm the judgment of the trial court.

Affirmed.