COURT OF APPEALS OF VIRGINIA

Present: Judges O'Brien, Lorish and Senior Judge Annunziata

SEAN BENJAMIN BROWN

MEMORANDUM OPINION*

v.     Record No. 1033-21-4                                PER CURIAM
                                                           AUGUST 9, 2022

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF ALEXANDRIA
Kathleen M. Uston, Judge

(Samantha Offutt Thames, Senior Assistant Public Defender, on
brief), for appellant.

(Jason S. Miyares, Attorney General; Lindsay M. Brooker, Assistant
Attorney General, on brief), for appellee.

Sean Benjamin Brown appeals from the decision of the Circuit Court of the City of

Alexandria revoking his previously suspended sentences and resuspending all but twelve months.

Brown contends that the trial court abused its discretion by sentencing him to the "high end" of the

discretionary sentencing guidelines range when he had already "served over three years in prison

and requested a second chance to start supervised probation." After examining the briefs and record

in this case, the panel unanimously holds that oral argument is unnecessary because "the appeal is

wholly without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a). We affirm the decision of the trial

court.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND

"In revocation appeals, the trial court's 'findings of fact and judgment will not be reversed unless there is a clear showing of abuse of discretion.'" *Jacobs v. Commonwealth*, 61 Va. App. 529, 535 (2013) (quoting *Davis v. Commonwealth*, 12 Va. App. 81, 86 (1991)). "The evidence is considered in the light most favorable to the Commonwealth, as the prevailing party below." *Id.*

In July 2016, the trial court convicted Brown of two counts of grand larceny, two counts of maliciously shooting or throwing missiles at a vehicle, and five counts of misdemeanor destruction of property. The court sentenced Brown to a total of twenty years' incarceration with all but twelve months suspended, conditioned on good behavior for ten years, payment of $2,933.07 in restitution, and the successful completion of five years of supervised probation. Brown finished his term of active incarceration in May 2017, and his probation was transferred to Washington D.C. for supervision.

In October 2018, Brown's probation officer reported that Brown's "adjustment to supervision" had been "poor." He had been convicted in Washington D.C. of second degree burglary, attempted second degree burglary, attempted possession of a prohibited weapon, and two counts of assault. In addition, he had tested positive for cocaine and synthetic marijuana and failed to report for office appointments and scheduled drug testing. Despite the probation officer placing Brown on GPS monitoring as a sanction, Brown's poor behavior continued. Brown made no restitution payments. Accordingly, the probation officer recommended that the trial court impose "at least" twelve months of Brown's previously suspended sentences.

On October 30, 2018, the Commonwealth moved the trial court to issue a capias for Brown's arrest and order him to show cause why his previously suspended sentences should not be revoked. The trial court issued the capias on October 31, 2018. At the revocation hearing in August 2021, Brown stipulated that he had violated the conditions of his suspended sentences because of

the new convictions.  The Commonwealth asked the court to revoke and resuspend all but twelve months of Brown's previously suspended sentences conditioned on good behavior and payment of restitution.  The Commonwealth argued that the severity of Brown's new criminal offenses and his disregard for the requirements of probation demonstrated that he was not amenable to supervision.

Brown asked the trial court to sentence him to "time served," the low end of the discretionary sentencing guidelines range,[1] and grant him another "chance" to return to supervised probation.  Brown emphasized that he had been incarcerated for three and a half years for his Washington D.C. convictions and would be supervised for three years upon his release.  He argued that recent revisions to the discretionary sentencing guidelines made them applicable to probation violations based on a new criminal conviction and suggested that defendants should "be given an opportunity . . . to return to probation" even after committing new criminal offenses.  Brown proffered that he suffered with ADHD and bipolar disorder as a child and was prescribed medicine that "damaged" his hearing.  Brown had struggled with "mental health issues" his entire life.  Brown explained his criminal history as the result of "hanging out with the wrong people" and proffered that he had children and could live with his mother when released from incarceration.

The trial court reviewed the sentencing guidelines and acknowledged "the challenges" Brown had "faced in [his] life."  The court found that Brown had a "supportive family" who could help him "put [his] life back together" after his release.  Nevertheless, the court found that Brown's actions necessitated "consequences."  "[G]iven the seriousness" of the new criminal offenses, the court revoked and resuspended all but twelve months of Brown's previously suspended sentences and removed him from supervised probation.  Brown appeals.

---

[1] The sentencing guidelines recommended a sentence between "[t]ime served" and one year in jail.

ANALYSIS

After suspending a sentence, a trial court "may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court." Code § 19.2-306(A). Brown does not contend that the trial court lacked reasonable cause to revoke the suspension of his sentences. Rather, he argues that the trial court abused its discretion by imposing twelve months of active incarceration. Citing the recent enactment of Code § 19.2-306.1,[2] which provides that certain "technical" probation violations result in little or no active incarceration, Brown argues that the court should have taken a "more lenient approach to probationary sentencing" instead of imposing a sentence at the high end of the discretionary guidelines range. Brown asserts that the trial court "committed [a] clear error in judgment when it found that the new charges outweighed [his] commitment to correcting his life" and refused to give him "a second chance to prove himself on probation." We disagree.

As a threshold matter, the recently enacted Code § 19.2-306.1 and amended Code § 19.2-306(C) were not effective until July 1, 2021; thus they do not apply to Brown's case. *See* 2021 Acts, Sp. Sess. I, c. 538. This Court recently held that in a revocation proceeding, a trial court must apply "the law that was in effect when [the probationer] committed the relevant probation violations and also in effect when his revocation proceeding began." *Green v. Commonwealth*, 75 Va. App. 69, ___ & n.4 (2022) ("This case does not require the Court to distinguish between the penalty in existence at the time Green violated his probation and the penalty in existence when his revocation proceeding began. The law was actually the same at the time of both events in this case now before us. Regardless of whether the triggering event is the probation violation itself or the instituting of revocation proceedings in circuit court, the result in this particular case would be the same under either scenario. Judicial restraint dictates

---

[2] *See* 2021 Acts, Sp. Sess. I, c. 538.

- 4 -

that we do not need to reach the question of which is the actual triggering event date because each of these dates occurs before July 1, 2021."). Here, Brown sustained his new criminal convictions and committed his other probation violations in 2017 and 2018. The probation officer filed his major violation report on October 25, 2018, and the trial court issued process for Brown's arrest on October 31, 2018. Accordingly, under the operative terms of the revocation statutes in effect when Brown's "revocation proceeding began," once the court found that Brown had violated the terms of the suspension, the trial court was *obligated* to revoke the suspended sentences. Code § 19.2-306(C)(ii). The trial court was permitted—but not required—to resuspend all or part of the sentences. *Id.*; *Alsberry v. Commonwealth*, 39 Va. App. 314, 320 (2009).

Nevertheless, even under the new statutory framework, the trial court had discretion to impose "any or all" of Brown's previously suspended sentences. As relevant to Brown's argument, the new statute expressly provides as follows:

> If the court finds the basis of a violation of the terms and conditions of a suspended sentence or probation is that the defendant was convicted of a criminal offense that was committed after the date of the suspension, . . . then the court may revoke the suspension and impose or resuspend *any or all of that period previously suspended*.

Code § 19.2-306.1(B) (emphasis added). Brown's revocation was based, in part, on the three new criminal offenses he committed during the suspension period. Accordingly, the plain language of Code § 19.2-306.1(B), which Brown suggests should have resulted in a "more lenient" sentence, authorized the trial court to revoke and impose the balance of Brown's suspended sentences.

In determining how much of Brown's previously suspended sentences to resuspend, the trial court was not bound by the discretionary sentencing guidelines, which "are advisory only and do not require trial courts to impose specific sentences." *Runyon v. Commonwealth*, 29

Va. App. 573, 577-78 (1999). A trial court's decision regarding whether to follow the sentencing guidelines is "not reviewable on appeal." Code § 19.2-298.01(F). Instead, the question of an appropriate sentence "is a matter that lies within the trial court's discretion." *Rhodes v. Commonwealth*, 45 Va. App. 645, 650 (2005) (citing *Slayton v. Commonwealth*, 185 Va. 357, 365 (1946)). Moreover, it was within the trial court's purview to weigh any mitigating circumstances Brown presented, including his mental health issues, family support, and desire for a "second chance" to succeed on probation. *See Keselica v. Commonwealth*, 34 Va. App. 31, 36 (2000). Balanced against those circumstances, however, were Brown's numerous, serious offenses in Washington D.C. while on probation. Those offenses, which included second degree burglary, attempted second degree burglary, attempted possession of a prohibited weapon, and two counts of assault, demonstrated that Brown presented a threat to members of the community. In addition, Brown tested positive for cocaine and synthetic marijuana, missed scheduled appointments with his probation officer and for drug testing, and failed to pay any restitution. Even placing a GPS monitor on Brown as a sanction had "failed to control [his] poor behavior."

"The statutes dealing with probation and suspension are remedial and intended to give the trial court valuable tools to help rehabilitate an offender through the use of probation, suspension of all or part of a sentence, and/or restitution payments." *Howell v. Commonwealth*, 274 Va. 737, 740 (2007). Brown's flagrant disregard of the terms of his suspended sentences supports a finding that he was not amendable to rehabilitation. "When coupled with a suspended sentence, probation represents 'an act of grace on the part of the Commonwealth to one who has been convicted and sentenced to a term of confinement.'" *Hunter v. Commonwealth*, 56 Va. App. 582, 587 (2010) (quoting *Price v. Commonwealth*, 51 Va. App. 443, 448 (2008)). Brown failed to make productive use of the grace that had been extended to him and continued to engage in criminal conduct during the suspension period.

"For probation to have a deterrent effect on recidivism, real consequences must follow a probationer's willful violation of the conditions of probation." *Price*, 51 Va. App. at 449. Upon review of the record in this case, we conclude that the sentence the trial court imposed represents such real consequences and was a proper exercise of judicial discretion. *See Brittle v. Commonwealth*, 54 Va. App. 505, 520 (2009) (affirming the court's imposition of a five-year sentence with three years suspended for third offense larceny because the sentence was "not excessive on its face"); *Alsberry*, 39 Va. App. at 321-22 (finding the court did not abuse its discretion by imposing the defendant's previously suspended sentence in its entirety "in light of the grievous nature of [the defendant's] offenses and his continuing criminal activity").

CONCLUSION

For the foregoing reasons, the trial court's decision is affirmed.

*Affirmed.*