COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Huff, Lorish and Senior Judge Petty

WILLIAM LESTER

v.      Record No. 1955-22-2

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*]
PER CURIAM
MAY 2, 2023

FROM THE CIRCUIT COURT OF THE CITY OF PETERSBURG
Dennis M. Martin, Sr., Judge

(Nicole M. Gibson, Assistant Public Defender, on brief), for
appellant. Appellant submitting on brief.

(Jason S. Miyares, Attorney General; Lucille M. Wall, Assistant
Attorney General, on brief), for appellee.

Appellant, William Lester, challenges the sentence the trial court imposed after finding he

had violated the conditions of his previously suspended sentence. After examining the briefs and

record in this case, the panel unanimously holds that oral argument is unnecessary because "the

appeal is wholly without merit." Code § 17.1-403(ii)(a). Lester failed to timely file the

transcripts or a written statement of facts in lieu of a transcript. Rule 5A:8. Without a transcript

of the proceedings our review of the trial court's exercise of discretion is constrained. Because

Lester has the burden of establishing an abuse of discretion and has failed to do so, we must

affirm the trial court's judgment. Rule 5A:27(a).

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413.

BACKGROUND

In July 2012, Lester entered an *Alford*[1] plea to robbery. The trial court convicted him of robbery and sentenced him to 25 years' imprisonment with 20 years suspended. Lester's previously suspended sentence was revoked and resuspended, in part, in August 2019.

In July 2021, Lester's probation officer reported that Lester had failed to report new charges lodged against him in a neighboring jurisdiction and any employment he may have secured during his probationary period. In subsequent addenda, Lester's probation officer reported that the Chesterfield General District Court had convicted Lester of four counts of attempted robbery, petit larceny, trespassing, and obtaining money by false pretenses. The Chesterfield General District Court sentenced Lester to 36 months, 30 days' incarceration with all but 10 months suspended. The trial court issued a capias, which was served on Lester in September 2021.

After a hearing, the trial court found Lester had violated the terms and conditions of his previously suspended sentence. The trial court then revoked Lester's previously suspended sentence, resuspended 16 years and 6 months, and removed Lester from supervised probation. Lester appeals.

ANALYSIS

Subject to certain conditions not applicable here, after suspending a sentence a trial court "may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court." Code § 19.2-306(A). "In revocation appeals, the trial court's 'findings of fact and judgment will

---

[1] "An individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime." *North Carolina v. Alford*, 400 U.S. 25, 37 (1970). *Alford* pleas allow "criminal defendants who wish to avoid the consequences of a trial to plead guilty by conceding that the evidence is sufficient to convict them, while maintaining that they did not participate in the acts constituting the crimes." *Carroll v. Commonwealth*, 280 Va. 641, 644-45 (2010) (quoting *Parson v. Carroll*, 272 Va. 560, 565 (2006)).

not be reversed unless there is a clear showing of abuse of discretion.'" *Jacobs v. Commonwealth*, 61 Va. App. 529, 535 (2013) (quoting *Davis v. Commonwealth*, 12 Va. App. 81, 86 (1991)). "The evidence is considered in the light most favorable to the Commonwealth, as the prevailing party below." *Id.*

Lester contends that the trial court failed to give "sufficient weight" to his mitigating evidence when it sentenced him to three years' incarceration. Lester does not contest that he violated the terms and conditions of his previously suspended sentence. He argues only that the trial court "made no mention" of his efforts to address his substance abuse addiction or homelessness and how those circumstances contributed to his non-compliance. He further contends that the trial court made a "clear error in judgment" because it gave "significant weight" to the Commonwealth's aggravating evidence, and "less weight" to his mitigating evidence.

The record on appeal does not contain a timely filed transcript of Lester's revocation hearing. The trial court entered the revocation order on September 22, 2022. Under Rule 5A:8(a), a transcript must be filed no later than "60 days after entry of the final judgment," which was November 21, 2022. *See* Rule 5A: 8(a). Lester did not file the transcript with the circuit court until November 28, 2022. Although we conclude that a timely-filed transcript, or written statement of facts in lieu of a transcript, is not indispensable to addressing Lester's challenge, we are necessarily limited to a review of the manuscript record.

We begin by noting that, "[a]bsent a statutory requirement to do so, 'a trial court is not required to give findings of fact and conclusions of law.'" *Bowman v. Commonwealth*, 290 Va. 492, 500 n.8 (2015) (quoting *Fitzgerald v. Commonwealth*, 223 Va. 615, 627 (1982)). The discretionary revocation guidelines recommended a sentence between one year, three months and four years' incarceration. It is well-established that the discretionary sentencing guidelines "are

advisory only and do not require trial courts to impose specific sentences." *Runyon v. Commonwealth*, 29 Va. App. 573, 577-78 (1999). A trial court's decision regarding whether to follow the sentencing guidelines is "not reviewable on appeal." Code § 19.2-298.01(F). The question of an appropriate sentence "is a matter that lies within the trial court's discretion." *Rhodes v. Commonwealth*, 45 Va. App. 645, 650 (2005) (citing *Slayton v. Commonwealth*, 185 Va. 357, 365 (1946)); Code § 19.2-306.1(B).

The record reflects, and Lester does not contest, that he suffered new convictions during the suspension period. Furthermore, this was Lester's second revocation proceeding. "The statutes dealing with probation and suspension are remedial and intended to give the trial court valuable tools to help rehabilitate an offender through the use of probation, suspension of all or part of a sentence, and/or restitution payments." *Howell v. Commonwealth*, 274 Va. 737, 740 (2007). Considering Lester's repeated probation violations, the trial court reasonably could conclude that active incarceration was appropriate because Lester was not amenable to rehabilitation. "When coupled with a suspended sentence, probation represents 'an act of grace on the part of the Commonwealth to one who has been convicted and sentenced to a term of confinement.'" *Hunter v. Commonwealth*, 56 Va. App. 582, 587 (2010) (quoting *Price v. Commonwealth*, 51 Va. App. 443, 448 (2008)). Lester failed to make productive use of the grace that had been extended to him.

CONCLUSION

Finding no abuse of the trial court's sentencing discretion, its judgment is affirmed.

*Affirmed.*