COURT OF APPEALS OF VIRGINIA

Present: Judges AtLee, Friedman and Senior Judge Clements

CONNIE MARIE MAXEY, A/K/A
  CONNIE MARIE DEMERS

                                                    MEMORANDUM OPINION*
v.        Record No. 1865-22-4                          PER CURIAM
                                                         JULY 5, 2023
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF STAFFORD COUNTY
                          Victoria A.B. Willis, Judge

           (John M. Spencer; Spencer, Meyer & Koch, PLC, on brief), for
           appellant. Appellant submitting on brief.

           (Jason S. Miyares, Attorney General; Collin C. Crookenden,
           Assistant Attorney General, on brief), for appellee.


       Connie Demers appeals the trial court's judgment finding her in violation of her probation

and revoking the balance of her previously suspended sentence. Demers argues that the trial court

acted "inappropriately" when it imposed a sentence that was "unnecessary." In addition, Demers

contends the trial court failed to consider her mitigating circumstances. After examining the

briefs and record in this case, the panel unanimously holds that oral argument is unnecessary

because "the appeal is wholly without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a). The trial

court's judgment is affirmed.

                                    BACKGROUND

       In February 2015, the trial court convicted Demers for driving under the influence of alcohol

or drugs, fourth or subsequent offense. By final order entered May 15, 2015, the trial court

sentenced her to five years' imprisonment with three years and six months suspended, conditioned

_____
       * This opinion is not designated for publication. *See* Code § 17.1-413(A).

upon ten years good behavior and indefinite supervised probation. Demers's previously suspended sentence was revoked and resuspended, in part, in 2018. Demers finished her term of active incarceration and returned to supervised probation in March 2019.

In June 2022, Demers's probation officer reported that Demers had incurred new convictions, including a conviction for driving while intoxicated, third or subsequent offense. In addition, Demers repeatedly failed to attend her drug screens and tested positive for opiates. The trial court issued a capias on June 28, 2022, which was served on Demers the following day.

On July 7, 2022, the trial court granted Demers's motion for bond and placed her on pre-trial services. In addition, the trial court ordered that Demers refrain from using alcohol or illegal drugs not prescribed by her physician and successfully complete the Medically Assisted Treatment Program (MAT). On August 22, 2022, pre-trial services reported that Demers had admitted that she had used methamphetamine and provided a false urine screen. The trial court issued a new capias, which was served on Demers on October 23, 2022.

At the revocation hearing, Demers conceded that she had violated the terms and conditions of her suspended sentence. The trial court found Demers had violated her probation and proceeded to sentencing. Demers, by counsel, stated that there was "not much" to say in Demers's defense other than she "messed up." Demers argued that she was unlikely to reoffend because of her age. In addition, while on bond, Demers was in a motor vehicle accident and broke her C-2 vertebrae; she underwent surgery to fuse her vertebrae, and she was incarcerated during recovery. Demers acknowledged that she used drugs while she was on bond. Demers had a good family, lived locally, and wanted to "change." Demers asked the trial court to impose a sentence at the low end of the sentencing guidelines.

The Commonwealth argued that Demers had incurred a total of five driving under the influence convictions. Finding Demers's repeated offenses "inexplicable," the Commonwealth

asserted that she posed a danger to herself and others every time she consumed alcohol and drove a vehicle. The Commonwealth noted that the trial court had provided Demers opportunities to address her addiction but that she simply "doesn't care." The Commonwealth asked the trial court to revoke the balance of Demers's sentence to protect the community, noting that "every day [Demers] is behind bars is a day she is not getting behind the wheel of a car."

In allocution, Demers apologized for her actions, acknowledging that she had "put everybody in jeopardy." Demers contended that she had not consumed alcohol or driven a motor vehicle since her accident and she depended on others for transportation. Demers was raised by her alcoholic father and suffered physical and mental abuse. She was trying to improve herself and had enrolled in the MAT program, found a sponsor, and attended the Christian Sisters Transition Program. Demers acknowledged that she was scared for herself but she asked the trial court for "flexibility" so she could continue the programs and "stay on track" with her sobriety.

The trial court acknowledged Demers's addiction but noted that it had given her several opportunities to rehabilitate. The trial court found that Demers was "playing a deadly game" each time she drove after using drugs or alcohol. Finding "no other option," the trial court revoked Demers's previously suspended sentence "to insure the safety and the protection of the community." Demers appeals, arguing that the trial court abused its discretion when it imposed a three-year active sentence because it failed to give proper weight to her mitigating evidence.

ANALYSIS

Subject to the provisions of Code § 19.2-306.2, after suspending a sentence, a trial court "may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court." Code § 19.2-306(A). Moreover, "[i]f the court finds the basis of a violation of the terms and conditions of a suspended sentence or probation is that the defendant was convicted of a criminal offense

that was committed after the date of the suspension . . . , then the court may revoke the suspension and impose or resuspend any or all of that period previously suspended." Code § 19.2-306.1(B). The question of an appropriate sentence "is a matter that lies within the trial court's discretion." *Rhodes v. Commonwealth*, 45 Va. App. 645, 650 (2005) (citing *Slayton v. Commonwealth*, 185 Va. 357, 365 (1946)); Code § 19.2-306.1(B).

The record reflects that Demers suffered new convictions during the suspension period. Thus, the trial court was authorized to "revoke the suspension and impose or resuspend any or all of that period previously suspended." Code § 19.2-306.1(B). Furthermore, this was Demers's second violation.

The record does not support Demers's claim that the trial court failed to weigh her mitigating evidence properly. At the hearing, the trial court carefully explained that there were multiple aspects of sentencing. It noted the importance of rehabilitation, but also its obligation to punish "behavior [that] merits . . . punishment." The trial court lamented the outcome but, considering all the circumstances, determined that imposing the balance of Demers's sentence was the "only option" left.

"The statutes dealing with probation and suspension are remedial and intended to give the trial court valuable tools to help rehabilitate an offender through the use of probation, suspension of all or part of a sentence, and/or restitution payments." *Howell v. Commonwealth*, 274 Va. 737, 740 (2007). Considering Demers's new conviction for the same offense during the suspension period, the trial court reasonably concluded that active incarceration was appropriate because she was not amenable to rehabilitation. "When coupled with a suspended sentence, probation represents 'an act of grace on the part of the Commonwealth to one who has been convicted and sentenced to a term of confinement.'" *Hunter v. Commonwealth*, 56 Va. App. 582, 587 (2010)

(quoting *Price v. Commonwealth*, 51 Va. App. 443, 448 (2008)). Demers failed to make productive use of the grace that had been extended to her.

In fashioning Demers's sentence, it was within the trial court's purview to weigh any mitigating factors she presented, including her acceptance of responsibility, her participation in programs, her medical condition, and her willingness to obtain treatment for her addictions. *See Keselica v. Commonwealth*, 34 Va. App. 31, 36 (2000). The record demonstrates that the trial court considered the mitigating evidence Demers presented. Balanced against those circumstances, however, was Demers's disregard for the trial court's orders and the rules of probation. Indeed, Demers had incurred a total of five DUI convictions—the last one while on probation. In addition, she had admitted to using drugs and altering a drug screen while on bond. The trial court carefully balanced the evidence and circumstances in this case and determined that an active sentence of three years' incarceration was appropriate.

"For probation to have a deterrent effect on recidivism, real consequences must follow a probationer's willful violation of the conditions of probation." *Price*, 51 Va. App. at 449. Upon review of the record in this case, we conclude that the sentence the trial court imposed represents such real consequences and was a proper exercise of judicial discretion. *See Alsberry v. Commonwealth*, 39 Va. App. 314, 321-22 (2002) (finding the court did not abuse its discretion by imposing the defendant's previously suspended sentence in its entirety "in light of the grievous nature of [the defendant's] offenses and his continuing criminal activity").

CONCLUSION

Finding no abuse of the trial court's sentencing discretion, its judgment is affirmed.

*Affirmed.*