COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges AtLee, Friedman and Senior Judge Clements

JOHNNY EARL MILLER, III

                                            MEMORANDUM OPINION*

v.     Record No. 1993-22-2                           PER CURIAM
                                                    JULY 25, 2023

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF PETERSBURG
Joseph M. Teefey, Jr., Judge

(Walter B. Harris, Deputy Public Defender, on brief), for appellant.
Appellant submitting on brief.

(Jason S. Miyares, Attorney General; Rachel A. Glines, Assistant
Attorney General, on brief), for appellee.

Johnny Earl Miller, III, appeals the trial court's order revoking his previously suspended

sentence and imposing one year, six months' incarceration. Miller argues the trial court abused its

discretion by "failing to adequately consider" the mitigating circumstances he presented. He

further contends that, even if the trial court adequately considered his mitigating evidence, it

failed to give appropriate weight to his mitigating evidence and, thus, its decision was "guided"

by an "arbitrary reaction." After examining the briefs and record in this case, the panel

unanimously holds that oral argument is unnecessary because "the appeal is wholly without merit."

Code § 17.1-403(ii)(a); Rule 5A:27(a).

BACKGROUND

In February 2009, the trial court convicted Miller of robbery and, in May 2009, sentenced

him to 50 years' imprisonment with 43 years suspended, conditioned upon 50 years' good

_____

* This opinion is not designated for publication. *See* Code § 17.1-413(A).

behavior and indefinite supervised probation. The trial court revoked Miller's previously suspended sentence and resuspended it, in part, in May 2022. Miller returned to supervised probation on May 17, 2022.

In August 2022, Miller's probation officer reported that Miller had incurred a new felony conviction in Spotsylvania County. The trial court issued a capias, which was served on Miller in September 2022.

At the revocation hearing, Miller conceded that he had violated the terms and conditions of his previously suspended sentence. Miller advised the trial court that the statutory period for the underlying conviction would run at the end of the following month, so he was close to "ending probation" in Petersburg. In addition, he already had been incarcerated for approximately two years between the earlier probation violation and the Spotsylvania charge. Miller had been ordered to complete five years' supervised probation for the Spotsylvania conviction. Finally, he proffered that he remained under the good behavior condition of the instant suspended sentence. For these reasons, Miller asked the trial court to revoke and resuspend his previously suspended sentence. After hearing argument and reviewing the revocation sentencing guidelines,[1] the trial court found that Miller had violated the terms of his suspended sentence. It revoked Miller's previously suspended sentence, resuspending "all but a year and a half." Miller appeals.

## ANALYSIS

Subject to the provisions of Code § 19.2-306.2, after suspending a sentence a trial court "may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court." Code § 19.2-306(A). "In revocation appeals, the trial court's 'findings of fact and judgment will

---

[1] The discretionary revocation sentencing guidelines recommended a sentence between six months and one year, six months' incarceration.

- 2 -

not be reversed unless there is a clear showing of abuse of discretion.'" *Jacobs v. Commonwealth*, 61 Va. App. 529, 535 (2013) (quoting *Davis v. Commonwealth*, 12 Va. App. 81, 86 (1991)). "The evidence is considered in the light most favorable to the Commonwealth, as the prevailing party below." *Id.*

Miller contends that the trial court failed to give "sufficient weight" to his mitigating evidence when it sentenced him to one year, six months' incarceration. Miller does not contest that he violated the terms and conditions of his previously suspended sentence. He argues only that the trial court "made no indication of what factors" it considered and, thus, he concludes that its decision was "guided not by calculated reasoning but by arbitrary reaction." We disagree.

We begin by noting that, "[a]bsent a statutory requirement to do so, 'a trial court is not required to give findings of fact and conclusions of law.'" *Bowman v. Commonwealth*, 290 Va. 492, 500 n.8 (2015) (quoting *Fitzgerald v. Commonwealth*, 223 Va. 615, 627 (1982)). "If the court, after hearing, finds good cause to believe that the defendant has violated the terms of suspension, then the court may revoke the suspension and impose a sentence in accordance with the provisions of § 19.2-306.1." Code § 19.2-306(C).

> If the court finds the basis of a violation of the terms and conditions of a suspended sentence or probation is that the defendant was convicted of a criminal offense that was committed after the date of the suspension . . . , then the court may revoke the suspension and impose or resuspend any or all of that period previously suspended.

Code § 19.2-306.1(B). The question of an appropriate sentence "is a matter that lies within the trial court's sound discretion." *Rhodes v. Commonwealth*, 45 Va. App. 645, 650 (2005) (citing *Slayton v. Commonwealth*, 185 Va. 357, 365 (1946)); Code § 19.2-306.1(B).

The record reflects that Miller suffered a new conviction during the suspension period. Thus, the trial court was authorized to "revoke the suspension and impose or resuspend any or all of that period previously suspended." Code § 19.2-306.1(B). Furthermore, this was Miller's

second revocation proceeding. "The statutes dealing with probation and suspension are remedial and intended to give the trial court valuable tools to help rehabilitate an offender through the use of probation, suspension of all or part of a sentence, and/or restitution payments." *Howell v. Commonwealth*, 274 Va. 737, 740 (2007). Considering Miller's new felony conviction during the suspension period, the trial court reasonably could have concluded that active incarceration was appropriate because Miller was not amenable to rehabilitation. "When coupled with a suspended sentence, probation represents 'an act of grace on the part of the Commonwealth to one who has been convicted and sentenced to a term of confinement.'" *Hunter v. Commonwealth*, 56 Va. App. 582, 587 (2010) (quoting *Price v. Commonwealth*, 51 Va. App. 443, 448 (2008)). Miller failed to make productive use of the grace that had been extended to him.

## CONCLUSION

Finding no abuse of the trial court's sentencing discretion, its judgment is affirmed.

*Affirmed.*