COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Huff, Lorish and Senior Judge Petty


PERRY ALLEN MILLER

                                                    MEMORANDUM OPINION[*]
v.        Record No. 0155-23-1                              PER CURIAM
                                                        AUGUST 29, 2023

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
Everett A. Martin, Jr., Judge

(J. Barry McCracken, Assistant Public Defender, on brief), for
appellant.  Appellant submitting on brief.

(Jason S. Miyares, Attorney General; Lucille Wall, Assistant
Attorney General, on brief), for appellee.


Upon a guilty plea, the trial court found Perry Allen Miller ("appellant") guilty of possessing

a firearm after having been previously convicted of a nonviolent felony.  Based on those facts, the

trial court also found appellant in violation of his probation for his previous conviction of attempted

possession of a firearm by a convicted felon.  At a combined sentencing hearing, the trial court

sentenced appellant to five years of imprisonment with two years suspended for the new firearm

conviction and three years of active incarceration for the probation violation.[1]  Appellant argues on

appeal that the trial court abused its discretion in imposing three years of active incarceration for the

probation violation in addition to three years of imprisonment for the new firearm conviction.[2]

---

[*] This opinion is not designated for publication.  *See* Code § 17.1-413(A).

[1] The trial court also revoked and resuspended appellant's suspended sentence in another
case.  Appellant has not appealed that judgment.

[2] On brief, appellant states that "[a]lthough an appeal was noted to the new offense of
possession of a firearm," "that offense is not challenged, rather it is only referenced in the

After examining the briefs and record in this case, the panel unanimously holds that oral argument is unnecessary because "the appeal is wholly without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a). This Court affirms the trial court's judgment.

BACKGROUND

"In revocation appeals, the trial court's 'findings of fact and judgment will not be reversed unless there is a clear showing of abuse of discretion.'" *Jacobs v. Commonwealth*, 61 Va. App. 529, 535 (2013) (quoting *Davis v. Commonwealth*, 12 Va. App. 81, 86 (1991)). "The evidence is considered in the light most favorable to the Commonwealth, as the prevailing party below." *Id.*

By order entered on April 13, 2018, the trial court sentenced appellant to five years of imprisonment with three years suspended for his conviction of attempting to possess a firearm after prior conviction of a felony. The trial court ordered appellant to complete three years of supervised probation.

On July 1, 2020, the trial court found appellant in violation of his probation, and on September 23, 2020, revoked his three-year suspended sentence, and then resuspended it in its entirety. As a condition of the resuspended sentence, the trial court ordered appellant to complete the Community Corrections Alternative Program (CCAP). After finding appellant in violation of his probation again on March 9, 2021, the trial court revoked the suspended sentence and resuspended only one year. However, the court subsequently ordered that all of appellant's sentence was resuspended.

By major violation report dated October 31, 2022, appellant's probation officer alleged that he violated the terms of his probation because he had recently pled guilty to a new charge of possessing a firearm as a convicted nonviolent felon. The stipulated facts at the guilty plea hearing

Assignment of Error as part of the total sentence." The sole assignment of error "is intended to only challenge the three years of active incarceration imposed for the probation violation."

- 2 -

were that a felony homicide shooter in Norfolk stashed a gun in a trash can and fled the crime scene. Appellant then took the gun from the trash can to an apartment. When police found appellant hiding in the apartment with the gun, he admitted to taking the gun with the intent to sell it so that he could purchase drugs.

At the combined hearing for the new firearm offense and the probation violation, appellant admitted that he violated the terms of his probation. The trial court received evidence that appellant had a lengthy history of criminal convictions in both Virginia and Florida since 2005. The Commonwealth averred that appellant had 28 felony convictions and 13 violations of probation, many of which involved the use of firearms. In addition, appellant was an admitted gang member and a user and seller of narcotics.

Testifying on his own behalf, appellant acknowledged that he had a "severe drug problem," but claimed he was "not a violent person" and only committed crimes to obtain drugs. He maintained that, as of the hearing date, he had been taking medication for his "drug problem" for three months and had involved himself in substance abuse classes. The trial court ultimately sentenced appellant to five years of incarceration, with two years suspended, for the firearm offense and ordered him to serve the three-year balance of his suspended sentence for the probation violation. This appeal followed.

## ANALYSIS

Appellant argues that the trial court's imposition of a three-year active sentence for the probation violation was an abuse of discretion when coupled with the three-year active sentence for the firearm offense. He maintains that "[t]he imposition of the entire period of three years of incarceration previously imposed in addition to the three years for the new offense was . . . extremely excessive."

Under Code § 19.2-306(A), a trial court may "revoke the suspension of sentence for any cause [it] deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court." Upon determining that a defendant has violated the terms of his suspended sentence, a trial court may revoke that suspension and "impose a sentence in accordance with the provisions of [Code] § 19.2-306.1." Code § 19.2-306(C). Under Code § 19.2-306.1(B), "[i]f the court finds the basis of a violation of the terms and conditions of a suspended sentence or probation is that the defendant was convicted of a criminal offense that was committed after the date of the suspension," then the court "may revoke the suspension and impose or resuspend any or all of that period previously suspended."

The "revocation of a suspended sentence lies in the [broad] discretion of the trial court." *Peyton v. Commonwealth*, 268 Va. 503, 508 (2004) (quoting *Hamilton v. Commonwealth*, 217 Va. 325, 326 (1976)). Nevertheless, "[t]he cause deemed by the court to be sufficient for revoking a suspension must be a reasonable cause." *Marshall v. Commonwealth*, 202 Va. 217, 220 (1960). "The exercise of judicial discretion 'implies conscientious judgment, not arbitrary action.'" *Rhodes v. Commonwealth*, 45 Va. App. 645, 650 (2005) (quoting *Slayton v. Commonwealth*, 185 Va. 357, 367 (1946)). "The statutes dealing with probation and suspension are remedial and intended to give the trial court valuable tools to help rehabilitate an offender through the use of probation, suspension of all or part of a sentence, and/or restitution payments." *Howell v. Commonwealth*, 274 Va. 737, 740 (2007).

While not claiming that the trial court lacked cause to revoke his probation, appellant contends that the trial court failed to consider mitigating circumstances, such as his lifelong struggle with substance abuse and his contrition, when imposing its sentence. The record demonstrates, however, that appellant had a lengthy criminal record and repeatedly violated the terms of his

probation. The weight to give any mitigating factors presented by the defendant is within the trial court's purview. *See Keselica v. Commonwealth*, 34 Va. App. 31, 36 (2000).

"Absent a statutory requirement to do so, 'a trial court is not required to give findings of fact and conclusions of law.'" *Bowman v. Commonwealth*, 290 Va. 492, 500 n.8 (2015) (quoting *Fitzgerald v. Commonwealth*, 223 Va. 615, 627 (1982)). "Barring clear evidence to the contrary, this Court will not presume that a trial court purposefully ignored mitigating factors in blind pursuit of a harsh sentence." *Bassett v. Commonwealth*, 13 Va. App. 580, 584 (1992). "When coupled with a suspended sentence, probation represents 'an act of grace on the part of the Commonwealth to one who has been convicted and sentenced to a term of confinement.'" *Hunter v. Commonwealth*, 56 Va. App. 582, 587 (2010) (quoting *Price v. Commonwealth*, 51 Va. App. 443, 448 (2008)).

Appellant failed to make productive use of that grace by committing a new firearm offense. Having reviewed the record, this Court holds that the active sentence the trial court imposed for appellant's probation violation represents a proper exercise of discretion. *See Alsberry v. Commonwealth*, 39 Va. App. 314, 321-22 (2002) (holding the court did not abuse its discretion by imposing the defendant's previously suspended sentence in its entirety "in light of the grievous nature of [the original] offenses and his continuing criminal activity").

CONCLUSION

For the foregoing reasons, this Court affirms the trial court's judgment.

*Affirmed.*