COURT OF APPEALS OF VIRGINIA

Present: Judges Huff, Lorish and Senior Judge Petty
Argued by videoconference

ROBERT LEONARD HUFFMAN

MEMORANDUM OPINION* BY
v.      Record No. 1843-22-2        JUDGE WILLIAM G. PETTY
OCTOBER 3, 2023

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF SPOTSYLVANIA COUNTY
Joseph J. Ellis, Judge Designate

Catherine French Zagurskie, Chief Appellate Counsel (Elena Kagan,
Third Year Law Student; Virginia Indigent Defense Commission, on
briefs), for appellant.

Justin B. Hill, Assistant Attorney General (Jason S. Miyares,
Attorney General, on brief), for appellee.

The trial court found Robert Leonard Huffman in violation of the terms of his probation, and

revoked and resuspended his previously suspended sentences. Huffman contends that the evidence

did not prove that he willfully violated his probation. Finding no error, we affirm the trial court's

judgment.

BACKGROUND

"In revocation appeals, the trial court's 'findings of fact and judgment will not be reversed

unless there is a clear showing of abuse of discretion.'" *Jacobs v. Commonwealth*, 61 Va. App.

529, 535 (2013) (quoting *Davis v. Commonwealth*, 12 Va. App. 81, 86 (1991)). "The evidence is

considered in the light most favorable to the Commonwealth, as the prevailing party below." *Id.*

---

* This opinion is not designated for publication. *See* Code § 17.1-413(A).

In August 2020, the trial court convicted Huffman for shoplifting, third or subsequent offense, two counts of failing to appear, two counts of failing to register as a violent sex offender, and failing to register as a sex offender, second offense. The trial court imposed a total sentence of 30 years and 12 months' imprisonment with 28 years and 12 months suspended. The trial court ordered Huffman to complete twenty years of good behavior and supervised probation.

Huffman began supervised probation on May 31, 2022. On June 1, 2022, Huffman signed the terms and conditions of his probation, including that he participate in and successfully complete the Dorcus House Program[1] to allow him time to establish income and work toward securing a residence. On June 3, 2022, Dorcus House staff reported that Huffman was argumentative and "consistently" interrupted others or spoke over others who were trying to speak.

On June 17, 2022, Huffman's probation officer received a GPS violation for Huffman. The probation officer called Huffman, who was "rude" because he had "been woken up." When the probation officer went to Dorcus House to replace Huffman's faulty GPS equipment, Huffman voiced his "frustrations" with the "unhealthy" environment at Dorcus House. Huffman felt he was being "held against his will" because he would face a probation violation if he left.

On July 15, 2022, Huffman contacted supervisors at Roanoke and Fredericksburg Probation and Parole to report "unsafe and unsanitary" conditions at Dorcus House. Huffman wanted to leave the program because of the reported conditions. On July 18, 2022, the regional programs manager made an unannounced visit to Dorcus House to investigate Huffman's claims but found the residence "clean."

On July 21, 2022, Dorcus House reported that "Huffman's attitude continued to have a toxic effect" on the residence. The following day, Huffman was removed from the Dorcus

---

[1] Dorcus House is a 90-day residential program.

House Program because staff had been spending their time responding to Huffman's complaints rather than performing their other job duties. Huffman was transported to a homeless shelter. Huffman requested that he be returned to Dorcus House, but probation denied his request.

On August 17, 2022, Huffman's probation officer filed a major violation report, indicating that Huffman had failed to successfully complete the Dorcus House program and, thus, had failed to follow his probation officer's instructions. The trial court issued a capias which was served on Huffman on August 26, 2022.

At the revocation hearing, the Commonwealth submitted Huffman's major violation report and sentencing revocation guidelines.[2] In addition, the Commonwealth proffered Huffman's criminal history which began in 1985 and included convictions for shoplifting, larceny, possession of controlled substances, aggravated sexual batteries, and indecent liberties with a child.

Huffman testified that he reported to Dorcus House as instructed by his probation officer. Huffman had reported several unsafe and unsanitary conditions during his stay at the Dorcus House. In mid-July, he had photographed the conditions of Dorcus House which included one stall and one "partially working" urinal for the 30 residents, and a blocked exit door. Although Huffman had reported his concerns to the Dorcus House staff and his probation officer, the problems were not being addressed. Huffman testified that his probation officer had called him a "complainer" and stated that she did not wish to discuss the conditions at Dorcus House. Huffman acknowledged that he only completed 52 days of the 90-day program. He was currently living with a friend and was compliant with his registration and probation.

On cross-examination, Huffman contended that the regional programs manager found Dorcus House "clean" in mid-July because she did not enter the men's restroom and could not see the conditions depicted in his photographs. Huffman denied asking probation to return him to the

---

[2] The discretionary sentencing revocation guidelines recommended "no time."

Dorcus House when they took him to a homeless shelter, stating he was "pretty glad to be out" of the Dorcus House.

Huffman argued that he did not willfully violate the terms and conditions of his suspended sentences because he did not leave Dorcus House on his own volition. He acknowledged that he had filed complaints regarding the living conditions with multiple authorities, but he argued that that did not make him a "nuisance to the extent it would equate to a willful violation." Huffman stressed that probation had instructed him to leave Dorcus House and had escorted him to a homeless shelter; Huffman had complied with probation's instruction to leave. He had reported his "legitimate" concerns to protect himself and other residents. Huffman emphasized that he did "everything that was asked of him" and his actions of reporting the living conditions at Dorcus House was "simply [not] a violation."

The Commonwealth argued that probation had ordered Huffman to complete the 90-day program and he had failed to do so. In the Commonwealth's view, Huffman's "attitude . . . had a toxic [e]ffect" on staff and other residents. Huffman yelled over others and did not allow others to speak.

The trial court found that Huffman had violated the terms and conditions of his previously suspended sentences. The trial court acknowledged Huffman's concerns, but it found that the "principle" reason for Huffman's removal from Dorcus House was the "toxicity of his complaints" and his "relationships with other people." For this reason, the trial court found that probation had "no choice" but to remove Huffman from the program. The trial court revoked Huffman's suspended sentences, resuspended the entire sentence, returned Huffman to probation, and ordered that Huffman complete a program as directed by probation. Huffman appeals.

ANALYSIS

Huffman argues that the trial court erred in finding that he willfully violated the conditions of his probation. Huffman asserts that he complied with "all instructions from probation, and only failed to complete the residential program at Dorcus House" because program staff removed him.

"The statutes dealing with probation and suspension are remedial and intended to give the trial court valuable tools to help rehabilitate an offender through the use of probation, suspension of all or part of a sentence, and/or restitution payments." *Howell v. Commonwealth*, 274 Va. 737, 740 (2007). "When coupled with a suspended sentence, probation represents 'an act of grace on the part of the Commonwealth to one who has been convicted and sentenced to a term of confinement.'" *Hunter v. Commonwealth*, 56 Va. App. 582, 587 (2010) (quoting *Price v. Commonwealth*, 51 Va. App. 443, 448 (2008)).

Under Code § 19.2-306(A), a trial court may "revoke the suspension of sentence for any cause [it] deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court." Upon determining that a defendant has violated the terms of his suspended sentence, a trial court may revoke that suspension and "impose a sentence in accordance with the provisions of [Code] § 19.2-306.1." Code § 19.2-306(C).

The "revocation of a suspended sentence lies in the discretion of the trial court and . . . this discretion is quite broad." *Peyton v. Commonwealth*, 268 Va. 503, 508 (2004) (quoting *Hamilton v. Commonwealth*, 217 Va. 325, 327 (1976)). Nevertheless, "[t]he cause deemed by the court to be sufficient for revoking a suspension must be a reasonable cause." *Marshall v. Commonwealth*, 202 Va. 217, 220 (1960). "The exercise of judicial discretion 'implies conscientious judgment, not arbitrary action.'" *Rhodes v. Commonwealth*, 45 Va. App. 645, 650 (2005) (quoting *Slayton v. Commonwealth*, 185 Va. 357, 367 (1946)).

During Huffman's stay, the Dorcus House staff contacted his probation officer multiple times because Huffman was argumentative with staff and consistently interrupted or tried to speak over others. Furthermore, staff reported that Huffman's "attitude" had a "toxic [e]ffect" on the residence. In addition, Huffman's constant complaints caused staff to neglect their responsibilities to address Huffman's complaints. For these reasons, the trial court found that probation had "no choice" but to remove Huffman from the program.

Upon all the facts and circumstances, the trial court had reasonable cause to conclude that Huffman willfully violated the conditions of his probation. Accordingly, we find no abuse of discretion in the trial court's decision.

## CONCLUSION

For the foregoing reasons, the trial court's judgment is affirmed.

*Affirmed.*